| 37 | 301 |
|----|-----|
| 47a | 199 |

| 37 | 301 |
|----|-----|
| e99a | ¹372 |
| 99a | ¹374 |

</div>

## SALLIE DELTZER *et al.*

### *v.*

## OTTO SCHEUSTER.

1. WIDOW—*right of, to separate property.* The right of a widow to her separate personal property, under the 48th section of the statute of wills, is not affected by her failing to renounce the benefits of a will in which land was devised to her by her husband.

2. STATUTES—*construction of.* Section 10, of chapter 84, of the Revised Statutes, must be construed to apply to other "personal estate," than that set apart to her under the 48th section of the chapter of wills.

3. WIDOW—*how separate allowance to be raised.* Although the widow is to be considered a creditor of the estate to the extent of her separate allowance, and entitled to have the real estate sold for its payment, yet if the will of the husband devise separate parcels of real estate to her and to his children, the fund for the payment of her allowance should not be raised exclusively from the estate devised to the children, but should be apportioned between that and the estate devised to her, according to their respective values.

4. HOMESTEAD. In apportioning the burden between the widow and children, the homestead, being in the occupancy of the widow, but devised to the children, should not be taken into the account or ordered to be sold.

5. APPORTIONMENT OF BURDEN. Where there is a common fund, in the hands of different parties, liable to a common burden, the burden should be equally borne.

APPEAL from the Circuit Court of Marshall county; the Hon. SAMUEL L. RICHMOND, Judge, presiding.

This was a bill in chancery brought at the October term, 1864, by children of Anthony Scheuster, against his widow for the purpose of enjoining the sale of certain real estate by her as executrix of Scheuster. The facts appear in the opinion.

Messrs. BURNS & CUMMINS submitted the following points for appellants:

The 10th section of the 34th chapter of the Revised Statutes of 1845, entitled "Dower," provides that "every devise of land, or any estate therein, by will, shall bar her dower in lands, and her share in personal estate, unless otherwise provided for in the will," but she may elect which she will take, etc.

It will be seen the 50th section, of the 109th chapter, of said statute, entitled "Wills," provides, that "The right of the widow to her separate property, shall in no case be affected by her renouncing, or failing to renounce, the benefits of the provisions made for her, in the will of her husband, or otherwise; as provided for in chapter 34, of the Revised Statutes.

This latter statute expressly repeals the statute creating the bar; so careful was the Legislature, to preserve the right of the widow, to her specific articles, (her separate property;) there is nothing left to construction or implication.

The statute bars *dower; and her share of the personal estate.* It means nothing more than is plainly expressed; and it should not be extended, so as entirely to defeat the intention by construction.

The common law has nothing to do with the case; as the statute has fixed the rights of the parties.

There is a difference, it will be seen, between the different sections of the statute, which entitle the widow to personal estate of her husband.

The 49th section of the 109th chapter allows her one-third of the personal estate, where there are children, and one-half where there are no children, after all the debts are paid, which is the share barred by the statute entitled Dower. The statutes giving her other personal estate denominates it her "sole and separate property," "specific articles," which of course is the property not barred as spoken of in the 50th section of the statute of Wills, above refered to.

The Legislature meant, that no trick, or device, inadvertance, or laches, and that nothing but her voluntary waiver, or disposition, should deprive her of this *sole and separate property*.

So careful were the Legislators of securing to her this right, that they allow her to take the whole personal estate; whether specific articles belong to the estate or not; and the proceeds of the sale thereof, to the exclusion of all others; and then, she for any residue of her claim, not satisfied out of the personal effects, comes in for a share of the proceeds of the sale of real estate, as a creditor, with other creditors, in the third class.   21 Ill., p. 46.

Messrs. BANGS & SHAW for appellee, submitted the following points:

1. The widow having elected to take under and according to the will, would be estopped in equity to nullify or defeat any of the devises by asserting any claim of her own, though it might be a legal one. If she could not do this directly, surely she could not indirectly. The doctrine of election would apply. *Wilbanks* v. *Wilbanks*, 18 Ill., 17.

2. If she had in her lifetime held the legal title to the property devised to the children in her own right, and the testator had devised it to the children, and made other provisions for the widow, which she accepted, she could not insist on her legal title against the children.   Ibid.

3. Although it were true that the claim for specific property was not defeated by her failure to renounce under the will, yet it could not be enforced in such a manner as to defeat the provisions of the will.

Mr. JUSTICE LAWRENCE delivered the opinion of the court:

Anthony Scheuster died in 1861, leaving his widow, Sally Scheuster, now Sally Deltzer, appellant herein, and his two minor children, Otto and Edward, appellees. By his will he devised a certain lot in Henry, Illinois, to his widow, and certain other lots to his children. The personal property was valued at $151.50, by the appraisers. The County Court allowed $740.50 to the widow as her separate estate. She qualified as executrix of the will, and having taken a part of the personal property at its valuation, to apply on her allowance, then procured an order from the County Court for the sale of that portion of the real estate devised to the children, to raise a fund for the payment of her allowance and of a small amount of indebtedness found against the estate. The children filed their bill in chancery to enjoin the executrix from making this sale, and on the hearing, the court made the injunction perpetual. The executrix has brought the record to this court.

We have no doubt that the complainants in this bill were entitled to some relief against the order of the County Court, but not to the extent allowed. The 50th section of the statute of Wills provides, as plainly as language is capable of doing, that "the right of the widow to her separate property shall, in no case, be affected by her renouncing, or failing to renounce, the benefit of the provisions made for her in the will of her husband or otherwise, as provided in chapter thirty-four of the Revised Statutes." In the face of this explicit provision, it is impossible to say that the appellant lost her right to the separate property allowed to her, because she did not renounce the provisions of the will in her favor. Section 10, of chapter 34, of the Revised Statutes must be construed to apply to other "personal estate" than that set apart to her under the 48th section of the chapter of Wills.

In the case at bar, the appellant, as settled in the case of *Cruce* v. *Cruce*, 21 Ill., 46, is entitled to be regarded as a creditor to the extent of her separate allowance, and to have the

real estate sold for its payment.  It would, however, be obviously inequitable to require, as the County Court did, by its decree, that the fund should be raised exclusively from the real estate devised to the children.  The debts or claims against the estate are a common burden, and in equity, must be borne by all the property devised by the deceased.  To permit the widow to hold the lots devised to her by the will, and to sell those devised to the children for the payment of her statutory allowance, would be to permit her wholly to defeat the purposes of the testator.  If she claims benefits from his will, she must respect those designed to be bestowed upon others.  It is enough to say, however, that here is a common fund in the hands of different parties, liable to a common burden, and the burden must be equally borne.  Equality, here, is equity.  The court below will ascertain the comparative value of the real estate within its jurisdiction devised to the widow, and that devised to the children, and apportion the indebtedness of the estate, including the widow's allowance, according to the respective values of the property devised.  The homestead, however, which, as we understand the record, was devised to the children but is occupied by the widow, will not be considered in the valuation, or subjected to the sale.

We are also of opinion that the appellant, acting as executrix, did not fairly disclose to the appraisers, all the personal property belonging to her husband.  We allude especially to the liquors in the cellar, and which were taken by her at their valuation.  The Circuit Court will therefore determine, by reference to the master, or by hearing testimony, the value of the property which came to the hands of the executrix and was appropriated by her at its valuation, and charge her with the actual value thereof.  The court will also take an account of the rents and profits received by her on the property belonging to the children, allowing her such credits against these rents and profits as she may be entitled to, growing out of the expenses of the children.

*Decree reversed.*