## Leonard Richie et al. v. Lillie Capps Cox, Executrix, etc.

1. WILLS—*What is to be Considered in Equity as an Offer to Purchase a Widow's Dower.*—Where the widow of a testator is entitled to dower in all of the real estate of a testator, the fact that he has, by his will, devised to her the fee designated in a tract of land, is to be considered in equity as an offer on his part to purchase her dower interest in all of his real estate for the benefit of his estate.

2. SAME—*Effect of a Widow's Election to Take Real Estate Devised to Her in Fee.*—Where the widow of a testator elects to take real estate devised to her in fee, she becomes barred under the statute from claiming dower in the real estate of the testator, and is considered in equity a purchaser of the real estate devised to her for a consideration to the extent of the value of the dower so barred and not strictly as a beneficiary of the testator's bounty.

3. SAME—*How Real Estate Devised to a Widow in Fee is Considered in Equity.*—Real estate devised in fee to a widow is considered in equity as representing the dower of such widow in all the real estate of the testator and exempt from the payment of his debts as well as her estate of homestead.

**Petition to Sell Real Estate,** to pay a deficit of the testator's obligations. Error to the County Court of Macoupin County; the Hon. DAVID E. KEEFE, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed December 10, 1901.

KNOTTS & TERRY and WALKER & SEAROY, attorneys for plaintiffs in error.

BELL & BURTON, attorneys for defendant in error.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

Charles C. Capps, late of Macoupin county, Illinois, died testate in March, 1897, leaving as his widow, Lillie Capps, now Lillie Capps Cox, the defendant in error, and leaving no children or descendant of a child or children him surviving. At the time of his death, he was seized of the following described real estate situated in Macoupin county, Illinois, to wit:

The northeast quarter of the northwest quarter of section No. two (2), and the northwest quarter of the northeast quarter of section No. two (2), and fifteen acres off of the south half of the northeast quarter of the southwest quarter of section No. one (1); all in township No. eleven (11) north, range No. nine (9) west of the third principal meridian.

The testator and his wife, when he died, were residing upon the forty-acre tract, first above described, as their homestead, and she has continued to live upon it as her homestead ever since. By his will, the testator devised the homestead forty to his widow in fee, and the forty secondly above described, and the fifteen acres thirdly above described he devised to his two minor nephews, Leonard Richie and Samuel Bellamy, the plaintiffs in error, subject, however, to a prior devise thereof to his widow for and during her life or until she marries. The personal property left by the testator amounted to $2,307.50. The widow was named as executrix in the will, and qualified as such in the County Court of Macoupin County, where the will was probated and the estate is being administered. The County Court allowed her $1,000 for her widow's award; and the debts of the testator allowed against his estate, together with the costs of administration, amounted to $2,135.84, making the total indebtedness of the estate, including the award, $3,135.84. The executrix applied the proceeds of the personal property toward paying the indebtedness and award, and there remained a deficit of $828.34.

The widow having married one W. T. Cox, the plaintiffs in error, by their respective guardians, on that account took possession of the sixty-five acres devised to them under the

provisions of the will. The defendant in error, as such executrix, petitioned the County Court for an order to sell sufficient of the real estate devised, to pay said deficit, setting up the facts above stated, and requesting the court to direct that she sell the forty acres devised to the plaintiffs in error, as that would bring enough to pay the deficiency, and that the fifteen acres devised to them had been sold by decree of the Circuit Court of Macoupin County, Illinois, in a partition proceeding, and was not of sufficient value to pay the deficiency; that no part of the forty acres devised to her in fee should be ordered sold to pay the deficit, or that she be called upon to contribute toward paying any part thereof unless the forty acres devised to plaintiffs in error did not sell for enough to pay it.

The plaintiffs in error were made parties defendant to the petition, and being duly brought into court by way of answering it, filed a pleading as follows:

" And now comes Leonard Richie, by Robert R. Richie, his guardian, and Samuel Bellamy, by Edward Bellamy, his guardian, and saving and reserving unto themselves all and all manner of exceptions and objections to the many insufficiencies of the said petition and to the accuracy of the account of the petitioner as administratrix of the said estate, in the said petition stated, and hereby except, object and demur to the said petition, and as grounds of their said exception, objection and demurrer to said petition, say that their said lands in the said petition mentioned and described should not be subjected nor sold alone for the payment of the deficit of the personal estate of said estate for the payments of the debts thereof, and say that whatever such deficit, if any there be, should be apportioned, according to value, between the said lands of the defendants mentioned and described in said petition, and the said lands of the said Lillie Capps Cox, petitioner.

" Wherefore, these defendants pray that the said petition may be dismissed at the cost of the said petitioner.

" LEONARD RICHIE,
By ROBERT R. RICHIE,
His guardian and next friend, and
" SAMUEL BELLAMY,
By EDWARD BELLAMY,
His guardian and next friend."

The court having heard the proceeding on the pleadings of the parties and the evidence submitted, found that the facts stated in the petition were true as therein stated, and ordered that the executrix proceed in manner provided by the statute to sell the real estate devised to plaintiffs in error to raise a fund to pay the deficit and that no part of the real estate devised to defendant in error in fee be sold for that purpose, or that she be called upon to contribute to such fund for that purpose unless the proceeds of the real estate ordered to be sold should not produce a sufficient amount to pay the deficit, and then only to raise the remainder of the deficit after such proceeds have been so applied.

The plaintiffs in error, by their respective guardians, excepted to the order of the court, because it placed all the burden of paying the deficit upon the real estate devised to them, when the payment of it was a common burden upon the real estate devised to both her and them. Plaintiffs in error, by their guardian, prosecute this writ of error out of this court to the County Court to reverse the order, and contend that it was prejudicial error for the court not to order both the real estate devised to defendant in error in fee, and that devised to the plaintiffs in error, to raise the fund to pay the deficit, in the proportion of the value which each bears to the amount of the deficit.

And in support of this contention they cite Deltzer v. Scheuster, 37 Ill. 301, where Anthony Scheuster died in 1861, leaving as his widow, Sally Scheuster, afterward Sally Deltzer, and his two minor children, Otto and Edward, and the father, by his will, devised a certain lot in Henry, Illinois, to his wife, Sally, and certain other lots to his children. The personal property which he left was valued by the appraisers at $151.50. The County Court allowed his widow $740.50 as her separate property. She was named and qualified as executrix of his will, and took part of the personal property at its appraised valuation to apply on her allowance, and afterward procured an order from the County Court for the sale of the lots devised

to the children, to raise a fund for the payment of her allowance and of a small amount of indebtedness found to be owing by the estate. And the children filed in the Circuit Court their bill in chancery, and enjoined the executrix from making this sale, and on the hearing the court made the injunction perpetual. Upon appeal by the executrix the Supreme Court reversed the decree on the ground that the court erred in perpetually enjoining the executrix from selling the real estate and in the opinion said:

"We have no doubt that the complainants in this bill were entitled to some relief against the order of the County Court, but not to the extent allowed. The fiftieth section of the statute of wills provides, as plain as language is capable of doing, that 'the right of the widow to her separate property shall, in no case, be affected by her renouncing, or failing to renounce, the benefit of the provisions made for her in the will of her husband, or otherwise, as provided in chapter thirty-four of the Revised Statutes.' In the face of this explicit provision, it is impossible to say that the appellant (widow) lost her right to the separate property allowed to her, because she did not renounce the provisions of the will in her favor. Section 10, chapter 34 of the Revised Statutes, must be construed to apply to other 'personal estates' than that set apart to her under the forty-eighth section of the chapter of wills.

"In the case at bar, the appellant, as settled in the case of Cruce v. Cruce, 21 Ill. 46, is entitled to be regarded as a creditor to the extent of her separate allowance, and to have the real estate sold for its payment. It would, however, be obviously inequitable to require, as the County Court did, by its decree, that the fund should be raised exclusively from the real estate devised to the children. The debts or claims against the estate are a common burden, and in equity, must be borne by all the property devised by the deceased. To permit the widow to hold the lots devised to her by the will, and to sell those devised to the children for the payment of her statutory allowance, would be to permit her wholly to defeat the purposes of the testator. If she claims benefits from his will, she must respect those designed to be bestowed upon others. It is enough to say, however, that here is a common fund in the hands of different parties, liable to a common burden, and the burden must be equally borne. Equality here is equity.

"The court below will ascertain the comparative value of

the real estate within its jurisdiction devised to the widow and that devised to the children, and apportion the indebtedness of the estate, including the widow's allowance, according to the respective values of the property devised.

"The homestead, however, which, as we understand the record, was devised to the children but is occupied by the widow, will not be considered in the valuation, or subjected to the sale."

The Scheuster case and the one we have before us have many facts which are similar, but there is some difference between them, for in that case the homestead exemption was in the real estate devised to the children, while in the one at bar the homestead exemption is in the real estate devised to the widow, and the record in this case does not disclose whether the value of the real estate devised to the widow in fee was worth more or less than the $1,000 estate of homestead which she held in it and which, under the statute, was exempt from sale to pay the deficit. And in addition to her homestead exemption, defendant in error, as the widow of the testator, was entitled to take dower in all of his real estate, and his giving her the fee, by his will, in the forty where her homestead was, should in equity be considered an offer to her on his part to purchase her dower interest in all of his real estate for the benefit of his estate (Blanchford v. Newberry, 99 Ill. 62, and Carper v. Crowl, 149 Ill. 465), and when she elected to take the real estate devised to her in fee, she became barred under our statute, from such dower, and in equity, is considered a purchaser for a valuable consideration of the real estate devised to her to the extent of the value of such dower so barred, and not strictly as the beneficiary of a mere bounty from the testator. Carper v. Crowl, *supra*, and Towle v. Swasey, 106 Mass. 100.

And on that account also, the real estate devised to her in fee, will be considered in equity as representing her dower in all of the testator's real estate and exempt from the payment of his debts as well as her homestead.

The forty acres devised to defendant in error in fee, therefore embraced her homestead and dower rights in the

real estate of her deceased husband, and was properly held by the County Court to be relieved from the burden of contributing to the fund to pay the deficit until the forty devised to plaintiffs in error was exhausted in producing such fund, and for those reasons, we ought to and will affirm its order.    Affirmed.