HENRY DAUEL *et al.*

*v.*

JOHN P. ARNOLD, Admr.

*Opinion filed February 18, 1903—Rehearing denied April 9, 1903.*

1. APPEALS AND ERRORS—*when findings of fact recited in order of sale are presumed correct.* The findings of fact recited in an order for the sale of real estate to pay debts are presumed to be correct, in the absence of a bill of exceptions or certificate of evidence.

2. SAME—*court is presumed to have apportioned deficiency equitably among the lands.* In the absence of a bill of exceptions or certificate of evidence it will be presumed the county court, in ordering a sale of devised lands to pay debts of the testator's estate, did not impose more upon a particular tract than its proper proportion.

3. SAME—*going to hearing waives technical rules for arriving at the issue.* Proceeding to a hearing without objection waives the omission to require the defendant to file a further answer as to matters to which exceptions have been sustained, there being no rule asked for or entered requiring a further answer.

4. WILLS—*specific legacy defined.* A specific legacy is a gift of an identified part of the testator's estate, distinguished from all other things of the same kind and which can only be satisfied by delivery of the particular thing.

5. SAME—*when gift is specific.* A gift is specific if the particular things are so enumerated as to distinguish them from the residue by the use of some particular form of words.

6. SAME—*when both the real estate and personal property should abate ratably to pay debts.* If real estate and bank stock are both specifically given by a will both should abate ratably for the payment of debts, unless the debts are expressly or impliedly charged upon the real estate.

7. SAME—*when property devised to widow should not be sold to pay debts.* Property devised to the widow in lieu of dower and homestead, if not in excess of her rights in the estate as widow, is not subject to sale for the payment of the debts of the estate.

8. PRESUMPTIONS—*presumption as to apportionment of debts to widow.* If the details of the county court's computation in the matter of apportioning the testator's debts upon the property devised are not given, a court of review will presume that the court made a just and equitable apportionment of the burden to the widow.

*Dauel* v. *Arnold*, 103 Ill. App. 298, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on writ of error to the County Court of McLean county; the Hon. R. A. RUSSELL, Judge, presiding.

A petition was filed in the county court of McLean county by Ruth Ann Bunn, executrix of the last will and testament of Isaac K. Bunn, deceased, for leave to sell the real estate of the decedent to pay debts. She afterwards resigned as executrix, and the appellee, John P. Arnold, administrator *de bonis non* with the will annexed, was substituted. On a hearing an order of sale was entered. To reverse this order the appellants sued out a writ of error from the Appellate Court for the Third District, which court affirmed the order of sale, and appellants have now appealed to this court.

Isaac K. Bunn died testate November 21, 1897, leaving a widow and nine children, and seized of five hundred and sixty acres of land and $6300 worth of bank stock. The land was all encumbered by mortgage. Before his death he prepared deeds to his children, respectively, except to his son Jeremiah, who was indebted to his father more than his share of the estate. By these deeds he conveyed to each of the eight children a designated tract

of land. His wife joined in each of these deeds, for the consideration expressly stated that her claims for homestead and dower in the real estate should be satisfied by a reservation to her of a life estate in one hundred and sixty acres of the land. The deeds were then placed by the grantor in his private box at the bank. He then executed his will, in which he ordered the deeds delivered to the respective grantees after his death, and this was done. No question is raised as to the title thus vested in the respective devisees. As a bequest the testator gave his wife the bank stock, and she was made executrix without bond. The testator states in the will the indebtedness of each of the children to the estate, and declares the devises are made upon the basis of giving $6000 to each of the eight children, excluding Jeremiah, after deducting the indebtedness due from them, respectively, and says: "I desire to avoid the delay, inconvenience and expense of administration upon my estate, and to aid in the furtherance of my will and directions herein expressed without the intervention of administration." To carry out this request all of the eight children except Minor K. met, and, estimating the debts at $10,000, made a written agreement as to what the land devised to each one should pay to make up this amount. They also computed what was just for Minor K. to pay upon the said basis of $10,000, and inserted this in the instrument, but he did not execute the instrument.

The only parties complaining of the order of sale are the purchasers and owners of the tract of land devised by Isaac K. Bunn to his son Minor K. Bunn. Said Minor K. did not himself appear, but suffered the decree to go by default.

J. E. POLLOCK, JOHN G. BOEKER, and E. BROCK, for appellants.

CHARLES L. CAPEN, and JAMES P. GROVE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The testator by his will apportioned his mortgage indebtedness upon the respective tracts of land devised to his children, and such indebtedness is not drawn in question by this appeal. After his death his children, except Minor K. Bunn, met and estimated his other debts at $10,000, and made a written agreement apportioning such indebtedness among the devisees according to the basis of equality they deemed the testator by his will intended should be observed. But the county court found that the deficiency was $12,785.80, and that upon said basis the amount that should be paid by Minor K. Bunn or his successors in title to prevent a sale of the land devised to him was $1795.42, instead of $1405, as stated in the agreement. As said Minor K. did not sign the agreement, neither he nor his grantees are bound by it, and if it were true, as appellants allege, that the court enforced this agreement against the appellants without regard to their rights in the premises, they would have just cause to complain. But we do not so understand the decree. The evidence is not preserved, except as the facts are found and recited in the order and decree of the court. From the findings of the court we think it sufficiently appears that the basis upon which the agreement between eight of the devisees apportioned the deficiency, was the correct one, the total of the estimated amount, only, being too small. There being no bill of exceptions or certificate of evidence we must presume the findings of the court of the facts stated in the decree are correct. It is immaterial that it does not appear upon what evidence or by what process of computation the court arrived at the conclusion reached. The tract of land which appellants obtained by *mesne* conveyances from Minor K. Bunn was properly subjected to the payment, in due proportion, of the debts of the testator, and from the record as it is presented to us we must presume that the

court below did not impose on this tract any greater amount than its due share.

But appellants contend that the allegations of the petition are not sufficient to sustain the order or decree, because they do not state what, or that any, advancements had been made to Minor K. Bunn by his father, and that unless said Minor K. was indebted to his father or had received advancements from him it would be impossible to sustain so large a finding against said tract. While the petition does not state the amount which he should contribute, it does set out the agreement signed by all except him, and then alleges that "upon the payment of said respective sums each of said devisees would be placed upon an exact equality as regards each other, and that any further sum necessary to be raised to clear said estate from all indebtedness should be paid by said devisees or realized from the sale of their respective lands devised to them as aforesaid, *pro rata.*" If it were considered necessary to so allege, it is clear that the petition, as the question is here raised, was sufficient in the respect mentioned. The court was asked to make only an equitable apportionment of the burden, and it does not appear that any other was made. It is not pointed out wherein the petition failed to state all matters required by the statute.

The appellants answered the petition, and the appellee filed a number of exceptions to the answer. Three of these exceptions were sustained, but no rule was asked for or entered requiring a further answer. The decree recites that the cause was heard on the petition confessed as to the defendants not answering, the answer of appellants, the exceptions and replication thereto, oral evidence heard in open court, and papers and exhibits on file pertaining to the estate. Appellants insist that no decree could be entered until they had been ruled to file a further answer as to those matters to which exceptions had been sustained, and cite the statute, *Stone* v.

*Moore*, 26 Ill. 165, and *Holly* v. *Powell*, 63 id. 139, in support of their contention. In *Stone* v. *Moore* a demurrer was filed to the answer, and the court held this improper. In *Holly* v. *Powell* the opinion recites the proceedings, as follows: "The suit was a bill in chancery to foreclose a mortgage, and an answer by defendant. To the answer complainant filed exceptions, which were allowed and a decree of foreclosure thereupon entered." The court held the decree was premature on allowing the exceptions, and that the defendant should have been ruled to put in a sufficient answer, and reversed the decree for this error. It seems that there was no hearing, and that the bill was taken as confessed without giving the defendant an opportunity to answer further. No default *pro confesso* could be taken, under the statute, until a failure to put in a further answer, after a rule to that effect had been entered. The facts are entirely different in the case at bar, and it appears the parties went to a hearing on the issues as made, without objection. If parties go to a hearing without observing all the technical rules required for arriving at the issue these requirements are waived. *Jackson* v. *Sackett*, 146 Ill. 646.

It is also assigned as error that the court sustained three exceptions to the answer of appellants. The petition alleged that there was not enough personalty left at the death of the testator to pay all the debts of the estate, and that the legal effect of the will was that all the indebtedness should be paid from the proceeds of the real estate devised to the children, and that the bequest of personalty to the widow should not contribute thereto. The answer alleged that there was sufficient personalty left to pay all the debts, and that it should have been appropriated to the payment of the debts of the estate, but that the widow appropriated and diverted a large portion thereof to her own use. An exception was sustained to this part of the answer, which referred to certain bank stock, of the value of $6300, specifically de-

vised to the widow. The answer was neither insufficient nor impertinent on these points and no exception should have been sustained, but no harm came to appellants by this ruling. The question of law sought to be raised in this manner arose on the construction of the will, and will be referred to in another place.

The petition further alleged that the heirs, with the exception of Minor K. Bunn, made an agreement as to the amount each of them should justly and equitably have to contribute in order to pay off the indebtedness on a basis of $10,000, and that they each agreed to pay these amounts, and that the amount apportioned to Minor K. Bunn was just and equitable. The answer alleged that the agreement could be of no binding force and effect without being concurred in by all of the heirs and appellant Ingram, who by *mesne* conveyances held title to the land devised to Minor K. Bunn, and the answer denied that any of the indebtedness should be charged to Minor K. Bunn. An exception was taken to the statement of the effect of the agreement, and sustained. That was a mere conclusion of the pleader, and could, at the most, only amount to impertinence. No harm was done to appellants by the sustaining of the exception. The court did not find in its decree that the agreement was binding on Minor K. Bunn and the appellants, but only that the basis on which it was made was just and equitable, and that the adjustment between the children should be upon that basis.

The petition also alleged that certain of the indebtedness proved up against the estate was for promissory notes on which Isaac K. Bunn was surety for Hugh W. Bunn; that this was Hugh's debt and he should pay it, but that he had no property with which to pay this debt other than the land sought to be sold in this proceeding, and that his land should be charged with this debt. The answer alleged that Hugh W. Bunn was indebted to the estate, and that the administrator should collect such

indebtedness and apply it in payment of debts before proceeding to sell real estate. An exception was allowed thereto. The exception could only apply to the manner in which this debt of Hugh's was to be collected, and in that appellants had no interest, as it would primarily come out of his share of the estate in any event, and only in case that was not sufficient could they be called on to contribute.

The next alleged error is that the construction given to the will of Isaac K. Bunn was incorrect. A short synopsis of the will is as follows: The testator specifically devises his real estate to his children, subject to such share of mortgage indebtedness as he has specified. One hundred and sixty acres are devised to his wife for life, remainder therein to two of his children. Upon the basis of $6000 to each of his children, charging them with the value of the real estate devised, less the encumbrance apportioned, he finds the amounts due each one, respectively, from his estate or due to his estate. Then follows the statement that he has made "full and adequate provision" for his wife, in lieu of dower and homestead, by the conveyance of the above named one hundred and sixty acres to her for life, and also of certain lots in Colfax, and that his wife has executed her relinquishment of dower and homestead rights in his estate, except as above provided. Then come the following clauses: "The remainder of my estate, consisting of an equitable interest in and to [here follows the description of a lot in J. E. Wood's addition to Woodlawn.] Also all my bank stock and effects in the State Bank of Colfax, valued at $6300, and also including the several sums due me, or which may be due from my children as heretofore specified, or which may be due me from any sources whatever, and any other property or effects, real or personal, of whatsoever kind, which I now have or may have, I devise and bequeath to my wife, Ruth Ann Bunn, to be used and enjoyed by her freely, fully and in manner as she may

201—37

desire, for and during the term of her natural life. * * * I desire to avoid the delay, inconvenience and expense of administration upon my estate, and to this end I request each of my children to abide my disposition and adjustment of my estate, and to aid in the furtherance of my will and directions herein expressed without the intervention of administration; and to this further end I shall prepare and have ready not only the deeds and conveyances already referred to, but a deed for the said J. E. Wood property, and a written transfer of my said bank stock, moneys and effects, and aim to deliver the same to my wife, Mrs. Ruth Ann Bunn, during my own lifetime, transferring and vesting in her absolutely the above property and effects, and authorizing and empowering her at once to accept and take possession and use and enjoy the same forever."

The only interest that appellants can have in the construction of this will relates to the disposition made in the clauses just quoted. The court found that the personal estate of the decedent had been faithfully devoted by the executrix to the payment of debts, and that it was wholly exhausted, leaving a balance due the executrix (the widow.) The contention of appellants is that the shares of bank stock bequeathed to the widow are part of the residuary legacy, and should be applied to the payment of debts before any of the real estate is ordered sold. The court made no special finding as to the bank stock, except that the testator was possessed of it at the time of his death, and that it was worth par. The petitioner claimed that the legal effect of the will was that the debts (in addition to the mortgage debts) should be charged on the real estate devised to the children, and that the bequest of personalty to the widow should not be required to contribute. This construction of the will the appellants insisted was erroneous. The court held that the testator intended by his will that each of the tracts of land devised to his children should bear an

equal proportion of the amount necessary to be raised to pay the debts of the estate, and also that the widow should pay an equal proportion, and charged her with the payment of $1699.42 thereof, which was to be deducted from the amount due her as executrix. Appellee insists that the bequest of the bank stock is a specific legacy, notwithstanding its position in what purports to be a residuary clause.

A specific legacy is a gift of a specific part of the testator's estate, identified and distinguished from all other things of the same kind, and which could only be satisfied by the delivery of the particular thing. (*Rexford* v. *Bacon*, 195 Ill. 70.) There can be no question that it was the intention of the testator to give these shares of bank stock to his wife. The last clause of the will quoted above shows this conclusively, although, as a matter of fact, he did not transfer them to her in his lifetime, as he had intended to do. That he also, in the same clause, gave the residue of his estate to his wife we do not think ought to make this legacy a general legacy. The gift is specific if the specific things are so enumerated as to distinguish them from the residue, as by the use of such words as "together with," "as well as," "and also," and the like. (18 Am. & Eng. Ency. of Law,—2d ed.—716.) "In the administration of testate estates the personal property is the primary fund for the payment of debts and general legacies, unless a contrary intention on the part of the testator satisfactorily appears. It is sometimes difficult to determine whether or not such contrary intention does appear. But it is no longer necessary that it should be shown by express words,—it 'may be implied from the whole will taken together.'—*Heslop* v. *Gatton*, 71 Ill. 528." (*Reid* v. *Corrigan*, 143 Ill. 402.) In the will of Isaac K. Bunn nothing is said about any debts excepting the mortgage debt. The testator supposed that he had estate enough to give each child $6000. His real estate as well as the bank stock is specifically given,

and in such case both should abate ratably for the payment of debts, unless the debts were expressly or impliedly charged on the real estate. (2 Jarman on Wills, 623.) The court having ordered the widow to pay her equal proportion of the debts and fixed the amount at $1699.42, and as the widow does not assign error or ask a reversal of the decree, it will not be necessary to ascertain the intention of the testator—whether he intended to charge the real estate solely with the payment of his debts or not. The effect of the decree is to charge the bank stock with the payment of debts ratably with the real estate.

No mention is made in the decree of the lots in Colfax or the property in Woodlawn. The lots in Colfax and one hundred and sixty acres of the land were devised to the widow for life in lieu of dower and homestead, and she accepted such provision made for her. The court ordered the one hundred and sixty acres sold, without reserving her rights in the same. The property devised to her in lieu of dower and homestead, if not in excess of her rights in the estate as a widow, she took as a purchaser for value, and it could not be sold to pay the testator's debts. (*Carper* v. *Crowl,* 149 Ill. 465.) The widow, however, has not complained of the decree. The details of the computation are not given, and we must presume that the court made a just and equitable apportionment of the burden to the widow.

Some other objections have been made, which we do not consider necessary to mention in detail. We have considered them, and finding no harmful error in the record, the decree will be affirmed.    *Decree affirmed.*