## Gertrude Brown et al., Appellees, v. Phoebe Saathoff et al., Appellants.

### Gen. No. 4,921.

WILLS—*when debts payable from particular fund.* If from the whole will, either by express language or from necessary implication, it appears that a particular portion of the estate is to be the primary fund for the payment of debts, the remainder of the estate will be exonerated from that burden.

Bill in chancery. Appeal from the Circuit Court of Livingston County; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1907. Affirmed in part, reversed in part and remanded. Opinion filed March 11, 1908.

A. C. NORTON, for appellants.

C. C. & L. F. STRAWN, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is a bill in chancery filed in the Circuit Court of Livingston county for the partition of real estate owned by George Franks at the time of his death. George Franks died December 27, 1895, leaving a last will and codicil. The will was made June 12, 1894, and the codicil January 16, 1895. The codicil is not material to the questions involved in the case. The provisions of the will are:

"First. I will and desire that all my just debts be paid at my death, including funeral and burial expenses.

"Second. I will and devise to my beloved wife the use and control of all the property that I may own at my death, the name of my said wife being 'Margaret Franks,' during her lifetime and until her death.

"Third. I give, bequeath and devise to my children, one

daughter Phœbe Saathoff and one son Frank G. Franks, one-half of all property that I may be possessed of at my death, subject only to the first and second bequests heretofore made, to be divided equally between them, share and share alike.

"Fourth. I will, devise and bequeath to the children of my said wife by a former husband and marriage, and my son Frank G. Franks, and the living at my death children of my wife's deceased daughter Anna Westerman. The said children to receive the same amount as one of the children of my said wife by a former marriage and no more. I will and bequeath the residue and remainder of my entire estate of every name and nature to the children of my wife by a former marriage to the children of her daughter to have a share equal to the amount received by any of my wife's children, born while living with a former husband. The said property to be divided equally between them share and share alike as above set forth."

On March 1, 1895, George Franks executed a note to Fred Brumm for $2,000 due March 1, 1898, with interest at the rate of 6 per cent and secured said note by a mortgage on part of the land sought to be partitioned. On January 29, 1899, Frank G. Franks, one of the devisees, conveyed his interest in the land to appellant, A. C. Norton, and on January 2, 1904, Lucas H. Brown, another devisee, conveyed his interest in the lands to Fred G. White. There was administration upon the estate of the testator and the administrator has been discharged. The note secured by mortgage being unpaid, the controverted question is whether the devise to Phœbe Saathoff and Frank G. Franks, is liable for the payment of the whole of this indebtedness, or should the indebtedness be paid out of the entire property and Phœbe Saathoff and A. C. Norton, assignee of the interest of Frank G. Franks, take one-half the residue of the estate after the payment of the indebtedness; and this involves the construction of the will of George Franks.

By agreement of the parties the commissioners having reported that the land could not be divided, it was sold and the mortgaged indebtedness paid out of the proceeds, the question being reserved for future decision against whose

shares the payment should be charged. Afterwards a decree was made that the entire mortgage debt should be paid out of the half of the property devised to Phœbe Saathoff and Frank G. Franks. A. C. Norton, purchaser of the interest of Frank G. Franks, and Phœbe Saathoff appeal from that decree and assign for error that the court should have decreed the indebtedness payable out of the entire estate, and not out of their half.

The first clause in the will is a direction that all debts and funeral expenses be paid; the second is a devise to his wife of all his property during her lifetime. The wife of the testator died shortly before the filing of the bill for partition. The third clause gives and devises to Phœbe Saathoff and Frank G. Franks "one-half of all property that I may be possessed of at my death subject only to the first and second bequests heretofore made, to be divided equally between them share and share alike." The fourth clause gives and devises the residue of the estate to certain grandchildren and children of his wife by a former husband without any clause in it that it is subject to the payment of any part of his debts.

"In the administration of testate estates the personal property is the primary fund for the payment of debts and general legacies, unless a contrary intention on the part of the testator satisfactorily appears. It is sometimes difficult to determine whether or not such contrary intention does appear. But it is no longer necessary that it should be shown by express words; it may be implied from the whole will taken together." Dauel v. Arnold, 201 Ill., 570; Reid v. Corrigan, 143 Ill., 402. "An express direction by the testator that a particular piece of real estate shall be taken subject to the debts, will exonerate the personal property from its primary liability. The testator need not, in express language, declare his debts to be a charge upon his real estate and that his personal property is to be exempt from their payment, for the intention may be gathered from all the context." Underhill on Wills, section 375. If from the whole will either by express language or from necessary

Brown v. Saathoff.

implication it appears that a particular portion of the estate was to be the primary fund for the payment of debts, the remainder of the estate will be exonerated from that burden. A direction in the will that a devise shall be taken *"subject to payment of my debts"* if it is adequate for that purpose, will exonerate the personal estate.   Underhill on Wills, sections 375 and 380; Hines v. Spruill, 2 D. & B. Eq. (N. C.), 101; Young v. Young, 29 Beav., 522; Forrest v. Prescott, L. R. 10 Eq., 545.   The devise in the will of George Franks gives to Phœbe Saathoff and Frank G. Franks "one-half of all property that I may be possessed of at my death subject only to the first and second bequests to be divided equally between them."   The first bequest is the clause concerning debts, and the second is the gift to the wife.   The third clause clearly charged the payment of the debts of the testator upon the half of the property given to Mrs. Saathoff and Frank G. Franks; the other half of the estate was devised free from the debts, if the half devised subject to the payment of the debts was adequate for that purpose.   The Circuit Court correctly construed the will.

The decree in directing the distribution of a certain sum of $750 remaining undistributed, by inadvertence omitted the name of Fred G. White, who had been found in the original decree to have purchased and obtained a deed to the interest of Lucas H. Brown, who was the owner of a one-eighth interest in the estate, and who was entitled to a portion of said sum of $750.   Appellees concede this error and that the cause must be reversed and remanded to amend the final decree of distribution and direct the payment to White of the interest he had been found entitled to.

The decree is affirmed as to its construction of the will. That portion of the decree directing the distribution of the $750 is reversed and the cause remanded to the Circuit Court with directions to include Fred G. White as one of the distributees and give him his proportion of said sum.

*Affirmed in part, reversed in part and remanded with directions.*