EMMA COX *et al.* Appellants, *vs.* OTTO E. JOHNSON *et al.*
Appellees.

*Opinion filed October 26, 1909.*

1. EQUITY—*when bill involving construction of will should not
be dismissed.* A bill praying, among other things, for the con-
struction of a will should not be dismissed on general demurrer,
even though there is no trust involved, if it appears from the bill
that the complainants are entitled to an accounting for the rents
and profits of land, of which one defendant has held exclusive
possession, that minor children are entitled to have homestead as-
signed and that the adults are entitled to an accounting for the
rent of the homestead.

2. WILLS—*devisees should contribute toward paying the debts
charged against all the land.* Where a testator devises a portion
of his land to his son and the remaining portion to his daughters,
without charging any particular land with the payment of his debts,
all the land should be charged with such debts, and if a part of
the land devised to the daughters is sold to pay such debts, the
son should be required to contribute from the land received by him
his proportionate share of the value of the land so sold.

3. HOMESTEAD—*when an accounting should be had for rent of
homestead.* Minor children of a testator are entitled to homestead
in the tract of land upon which he resided at his death, and if his
son takes exclusive possession of the land without accounting to
the other children for rents, he may be compelled, by bill in equity,
to assign homestead to the children who are still minors and to ac-
count to the adults for the rents and profits of the homestead to
which they were entitled during their minority.

4. PARTITION—*land cannot be partitioned against provision of
will.* Where a will devising a tract of land to the testator's daugh-
ters provides that the land shall not be divided or sold until the
youngest daughter is sixteen years old no partition can be had un-
til that time, but the devisees are entitled to the possession and
rent of the land from the time of the testator's death.

APPEAL from the Circuit Court of Shelby county; the
Hon. TRUMAN E. AMES, Judge, presiding.

ANDREW L. CHEZEM, and EDWARD C. CRAIG, for ap-
pellants.

W. C. Kelley, W. H. Craig, and George B. Rhoads, for appellees.

Mr. Justice Hand delivered the opinion of the court:

This was a suit in chancery commenced by Emma Cox and Clara Johnson, two of the children of Charles O. Johnson, deceased, against Otto E. Johnson, Allis Johnson, Flora Johnson, Hellen Johnson and Lillie Johnson, their brother and sisters, in the circuit court of Shelby county. The bill alleges that said Charles O. Johnson died on the 20th day of August, 1901, leaving a will, which, omitting the formal part, reads as follows:

"*First*—All of my just debts and funeral expenses shall be fully paid.

"*Second*—I want a toom stone erected between the graves of myself and wife, to cost about $60.

"*Third*—I give, devise and bequeath to my step-daughter, Nellie Ruch, $200; and my son, Otto E. Johnson, I give and bequeath thirty (30) acres off of the north end of my land in section of section eighteen (18), town ten (10), range six (6), and the remainder of my land, ninety acres, situated in sections seventeen (17) and eighteen (18), in said town and range, I give and bequeath to my six daughters, namely, Emma A., Clara, Allis, Flora and Hellen and Lilly Johnson.

"*Fourth*—If there be any property left after settling the above claims, I bequeath and give to my children equally. And the said land is not to be divided or sold until the youngest daughter arrives at the age of sixteen (16) years.

"*Third*—I nominate and appoint John Blythe and Hiram E. Russel to be the executor of this my last will and testament or until my son Otto E. Johnson becomes of age, being on February 5, 1902. Then in that case I appoint my son and relieve Mr. Blythe and Mr. Russle as executors;"

—which was duly admitted to probate in the county court of said county and Hiram E. Russell was duly appointed executor of said will, and that said estate had been duly settled and said executor was discharged in said county court on January 4, 1904; that the testator left him surviving, as his son and daughters and sole heirs-at-law, the complainants and defendants, all of whom, at the time of his death, were under twenty-one years of age, with the exception of complainant Clara Johnson; that the testator died seized of the following described real estate: The north half of the north half of the south-west quarter of section 17 and the east half of the south-east quarter of section 18, all in township 10, north, range 6, east of the third principal meridian, Shelby county, Illinois, and containing one hundred and twenty acres; that he, with his children, occupied as a homestead the east half of the south-east quarter of said section 18, and the dwelling house in which he lived was situated upon the north thirty acres thereof, said thirty acres being the premises devised to Otto E. Johnson; that the executor of Charles O. Johnson, deceased, by order of the county court sold the north half of the north half of the south-west quarter of said section 17, being a portion of the premises devised to testator's six daughters and in which Otto E. Johnson had no interest, to pay the debts of Charles O. Johnson, deceased; that by the terms of the will, thirty acres of the one hundred and twenty acres of which Charles O. Johnson died seized, with the dwelling house, etc., were devised to Otto E. Johnson, and the remaining ninety acres of said one hundred and twenty acres were devised jointly to the remaining children of the said Charles O. Johnson, deceased, and that there remained, after the payment of the debts of said Charles O. Johnson, the said east half of the south-east quarter of said section 18 free and clear of all encumbrances, the north thirty acres of which were willed to Otto E. and the south fifty acres of which were willed to the remaining children of

242—11

Charles O. Johnson, deceased. The bill further avers that Otto E. Johnson, at the time the bill was filed, was twenty-six years of age; that upon his attaining his majority he took possession of said eighty acres and since that time had appropriated to himself the income thereof, to the entire exclusion of his sisters, four of whom were minors, and prays for a settlement and adjustment of the rights of the children of Charles O. Johnson in said eighty acres of land, and that the will of Charles O. Johnson be construed, and that the homestead interest in said eighty acres of the children of Charles O. Johnson under twenty-one years of age be assigned, and that the fifty acres devised to the six daughters be partitioned between them, and that Otto E. Johnson be required to contribute from the thirty acres devised to him his proportionate share of the value of the forty acres which had been devised to his sisters but which had been sold by the executor under order of the county court to pay the debts of Charles O. Johnson, deceased, and that Otto E. Johnson be required to account to his sisters who were under twenty-one years of age at the time he took possession of said eighty acres of land, for the rent of the homestead. A guardian *ad litem* was appointed for the minor children. Otto E. Johnson demurred to the bill, which demurrer was sustained and the bill was dismissed for want of equity, and the complainants have prosecuted an appeal to this court.

While the bill cannot be maintained, perhaps, strictly as a bill to construe a will, as there is no trust involved, we think there are grounds of equitable relief alleged in the bill, and that the court should not have dismissed the bill but should have overruled the demurrer and required Otto E. Johnson to answer the same. It is clear that the testator intended that Otto E. Johnson should have thirty acres of the land of which he died seized and that his six daughters should have the remaining ninety acres thereof, and that all of his land should be charged with the payment of his

debts. It would therefore be inequitable that forty acres of the land devised to his daughters should be appropriated to the payment of his debts and their portion of his estate reduced to fifty acres of land, and Otto E. Johnson retain the portion of the land devised to him free from the payment of any portion of the debts which Charles O. Johnson owed at the time of his death. We think, therefore, Otto E. Johnson should be required to contribute from the land received by him his proportionate share of the value of the forty acres devised to his sisters which was sold to pay the debts of their common ancestor.

In *Deltzer* v. *Scheuster,* 37 Ill. 301, the testator devised certain real estate to his widow and certain other real estate to his minor children. The widow qualified as executrix and had a widow's award allowed in her favor against the estate, and then sought in the county court to sell the real estate devised to her minor children to pay said award and other debts. The children filed a bill in chancery to enjoin the sale and to require the widow to contribute from the real estate devised to her, her proportionate share of the debts, including her award, established as claims against her husband's estate, and the court below entered a decree dismissing the bill. This court, on appeal, however, reversed the decree and on page 305 of the opinion said: "It would, however, be obviously inequitable to require, as the county court did by its decree, that the fund should be raised exclusively from the real estate devised to the children. The debts or claims against the estate are a common burden and in equity must be borne by all the property devised by the deceased. To permit the widow to hold the lots devised to her by the will and to sell those devised to the children for the payment of her statutory allowance would be to permit her wholly to defeat the purposes of the testator. If she claims benefits from his will she must respect those designed to be bestowed upon others. It is enough to say, however, that here is a common fund in

the hands of different parties liable to a common burden, and the burden must be equally borne. Equality, here, is equity. The court below will ascertain the comparative value of the real estate within its jurisdiction devised to the widow and that devised to the children, and apportion the indebtedness of the estate, including the widow's allowance, according to the respective values of the property devised."

At the time the testator died he resided upon the east half of the south-east quarter of section 18. His children under twenty-one years of age had a homestead, therefore, in said eighty-acre tract of land. We see no reason why the homestead cannot be assigned therein in this suit. If, on the case being remanded, complainants are over twenty-one years of age, the court should permit, and, if necessary, require, the guardian *ad litem* of the minors to file a cross-bill asking that their homestead be assigned. We also think an accounting for the rent of the homestead in favor of the children having a homestead in said eighty acres should be had against Otto E. Johnson if the proof shows he has been in possession of all of said lands without accounting for the rents and profits thereof to his sisters.

As to the partition of the land devised to the sisters, we think that cannot be had until the youngest girl arrives at the age of sixteen years. It is evident from the second clause of the fourth paragraph of the will that the testator intended that the land devised to his daughters should not be divided among them until the youngest daughter should become sixteen years of age. This limitation, we think, applies only to the land remaining unsold to pay debts other than the thirty acres devised to Otto E. Johnson. In *Dee v. Dee, 212* Ill 338, the court said (p. 354) : "It is evident from the language of the will that it was the purpose of the testator to postpone a division of the estate until her [his widow's] death. The general rule is, that an adult tenant in common may demand partition as a matter of

right; (*Martin* v. *Martin,* 170 Ill. 639;) and the fact that
he is a remainder-man and that the particular estate has
not expired is not a valid objection; (*Drake* v. *Merkle,* 153
Ill. 318;) but equity will not award partition at the suit of
one in violation of his own agreement or in violation of
a condition or restriction imposed upon the estate by one
through whom he claims; (21 Am. & Eng. Ency. of Law,—
2d ed.—1158; *Hill* v. *Reno,* 112 Ill. 154; *Ingraham* v.
*Mariner,* 194 id. 269; *Brown* v. *Brown,* 43 Ind. 474; *Hunt*
v. *Wright,* 47 N. H. 396;) nor is such a condition or re-
striction in the instrument conveying the estate invalid as
repugnant to the estate granted, or as against public pol-
icy.—*Hunt* v. *Wright, supra.*"

While the daughters cannot have partition of their land
among themselves until the youngest one attains the age of
sixteen years, those of age, and the minors by their guard-
ian, can take possession of said land and may recover the
rent earned thereby since their father's death, if not barred
by the Statute of Limitations. In *Gooch* v. *Green,* 102 Ill.
507, on page 510, it was said: "The bill, it will be ob-
served, contains several distinct grounds of relief, and if
any one of them is well founded in equity, the court erred
in sustaining the motion to dismiss, which is to be treated
as a general demurrer." And in *Snow* v. *Counselman,* 136
Ill. 191, on page 198, it was said: "Where a bill in equity
sets out various claims to the interposition of the court, and
a general demurrer is filed, the demurrer will be overruled
if any of the claims afford a proper case for the jurisdiction
of the court.—*Brown* v. *Hogle,* 30 Ill. 119."

The decree of the circuit court will be reversed and the
cause remanded to that court, with directions to overrule
the demurrer.

*Reversed and remanded, with directions.*