**Frank H. Walls, Executor, Appellant, v. Lillian Chessen, Appellee.**

ADMINISTRATION OF ESTATES—*when debts pro rated among legatees and devisees.* Where the bequests of personal estate and the devises of real estate are both specific, both legatees and devisees must contribute *pro rata* to the payment of the debts of the deceased.

Appeal from the Circuit Court of Madison county; the Hon. W. E. HADLEY, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed November 12, 1910.

WISE, KEEFE & WHEELER, for appellant.

JOHN J. BRENHOLT, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

The matters in dispute on this appeal arise in the final settlement of the estate of George W. Walls, deceased. The deceased made a will in which he devised to his son, Edward Walls, thirty acres of his land, describing it; and the remainder of his land, ten acres, by proper description he devised to his son, Frank H. Walls, the executor named in the will. By

the third clause of his will he bequeathed to his daughter, Lillian Chessen, all of his "personal estate of money, goods, and chattels of whatsoever nature." No mention is made in the will in any way of his debts, funeral expenses, or costs of administration. The real estate is proven to be worth $150 per acre, all of it. The personal property consisted of $686.42, cash in the bank, household goods appraised at $206, and a $70 note given by said daughter for borrowed money, making a total value of $962.42. The executor, after adding to the personal estate $60, paid by the Odd Fellows for funeral expenses, sought to charge the personal property with $346.75, funeral expenses; $35, doctor's bill; $17, to laborer as farm hand; $17.65, court and other costs; $17, coroner's charges for inquest on body of testator who suicided; $50, legal services about estate matters; and $44.76, executor's commissions on personalty, making a total of $578.86. Of this personal property the daughter has received $50 in money from the executor. She sold the household goods to her other brother for $90 to keep him from renting them with the house to a stranger, and as pay he gave her $20 in money and her said note for $70 which was her own property under the will, thus only realizing $20 for $206 worth of property by the appraisement. The executor stated that the household goods and the note never came into his hands, but she receipted him for the household goods. The evidence further shows that the deceased left a team and some other stock and feed on the farm which was allowed to be taken by Ed. Walls (the same brother who paid $70 of his debt to his sister in her note willed to her, for the household goods) on his claim that he had bought the stock and feed from his father before his death. The executor claimed that there was only a balance due her of $167.56 which was tendered to, and refused, by her. Adding to this sum the $70 already received from her two brothers, the net amount she would realize in the estate by accepting this sum, is

$237.56. The order of the court appealed from is in substance that the three legatees pay the $30 of the funeral expenses charged for flowers, equally among them; and that after applying the $60 donated by the Odd Fellows to the funeral expenses, that the remainder of said funeral expenses and said debts, costs and expenses of administration as above set forth, be paid by said legatees in proportion to the values of the property respectively devised and bequeathed to them by said testator. The court also found that said charges were not extravagant as claimed by said exceptor, Mrs. Chessen, but were proper charges against said estate.

The executor in this appeal contends that the real estate should not bear any part of these charges, and that the personal estate should bear the whole burden. The court apparently found that the devises were all specific devises, and that each part of the real estate devised and the personal property bequeathed should all bear the burden in proportion to their several values. The court was right in its holdings, if the bequest of the personal property was a specific, as distinguished from a general, legacy, or if by the provisions of the will it clearly appears that the testator intended that the two devises of the real estate should bear their proportion of the said debts and expenses. The real estate devises are specific without question. Where the bequest of the personal estate and the devises of the real estate are both specific both must contribute to the payment of debts *pro rata*. North's Probate Prac., secs. 559 and 560; Cox v. Johnson, 242 Ill. 159.

We think that the clear intention of the testator in his will is that the real estate should bear its proportion of the funeral expenses of the deceased, or more accurately speaking, that Mrs. Chessen was to have the personalty free of such burden. From the evidence as to debts he evidently calculated that he would have none when he died, and by making no provision

for the payment of funeral expenses he evidently intended that his children should all bury him and bear the expenses together. "All the personal property, of every description is given to the wife (daughter) without limitation or qualification. How could an intention to exonerate this property be more clearly expressed than by the language here used? While it is true that a bequest of all the personal estate is ordinarily treated as a general legacy, yet when an intention to give it discharged of its primary liability for debts and general legacies clearly appears, it must be treated as a special bequest, and exonerated accordingly." Reid v. Corrigan, 143 Ill. 402. The testator considered his estate as consisting of two things, land and personalty; and his intention was, and is clearly so expressed, that it should be divided into three parts; and that each of his children should take a part without special burdens. The court ruled correctly on the law, and it is a most inequitable contention for either of these sons to insist on their sister paying the enormous funeral and other expenses charged up against her including such charges as $30 for flowers, $5 for the preacher, $10 for embalming, $150 for casket, $60 for grave vault, $15 for embalming and setting vault, $6 for grave lining, etc., all of which are proper and right when all are willing to bear their part of the expense as she is. The evidence shows that the flowers were bought with the intention that all should pay for them equally. The evidence indicates that this was the idea they had in mind when the funeral expenses were made. It is no part of this case but the evidence shows that her brother, Ed, justly owes this appellee $70 on the household goods if her story is correct as to how she was paid for them; and we do not think this evidence shows any just cause for appellant to feel aggrieved that this appellee finally sought the courts in the endeavor to receive what justly belonged to her.

The evidence so clearly shows without dispute the

value of the personal property to be $962.42, and the real estate devises to be of the value of $1,500 and $4,500, respectively; that we do not think the court's order is void for uncertainty; and that the respective amounts ordered to be paid by each devisee can be made clearly certain by mere calculation. The order is clear in other particulars that the flowers are to be paid for by all of them equally acording to their agreement; and that the $60 donation by the Odd Fellows must be applied to the payment of the funeral expenses, and not considered as a part of the personal property of the estate.

The order and judgment of the lower court is affirmed *in toto.*

*Afflrmed.*