Mears v. Strale, 228 Ill. App. 519.

In the Matter of the Estate of Nette Mears Taylor,
Deceased.
John M. Mears, Appellant, v. Harriet Helen Strale,
Executrix, Appellee.

## Gen. No. 27,671.

WILLS—*abatement as between specific legacies and specific devises
to pay debts and expenses.* The provisions of Cahill's Ill. St. ch. 3,
¶ 99, for the sale of real estate of the decedent to pay claims and
the expenses of administration where the personal property is insuffi-
cient, do not require that the personal property must be exhausted
before resort can be had to realty specifically devised, and where
there is a deficiency of personalty, except that specifically bequeathed,
specific devises must abate ratably with specific legacies to make
up the deficiency.

Appeal by plaintiff from the Circuit Court of Cook county; the
Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch
Appellate Court at the March term, 1922. Reversed and remanded
with directions. Opinion filed April 11, 1923.

FREDERICK A. FREEARK, for appellant.

JAMES A. STEVEN, C. S. WILLISTON and GEORGE E.
HALEY, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the
court.

Harriet Helen Strale, as executrix of the last will
and testament of Nette Mears Taylor, deceased, filed
her petition in the probate court of Cook county for
leave to sell certain personal property belonging to
the estate to pay debts and costs of administration.
In that proceeding an order or decree was entered
that the executrix proceed to sell certain diamonds,
jewelry and other personal property belonging to the
estate of the deceased. An appeal was taken from this
order or decree by John M. Mears to the circuit court
of Cook county where, after hearing, a final order was

entered directing the executrix to sell the personal property substantially as had been ordered by the probate court. To reverse the order of the circuit court, John M. Mears prosecutes this appeal.

From the record it appears that Nette Mears Taylor died leaving a last will and testament which was duly admitted to probate in the probate court of Cook county. By the will the executrix was directed to pay all debts and funeral expenses out of the estate as soon as practicable. The fifth paragraph of the will was as follows: "Fifth: I give and bequeath unto my brother, John M. Mears, my large solitaire diamond ring and guard ring, and I desire that he will said diamond ring and guard ring to his son and my nephew, Neal F. Mears." After making other specific bequests certain real estate was specifically devised. There was a deficiency of personal assets to pay the debts unless the personal property specifically bequeathed, including the bequest to John M. Mears, be resorted to. Therefore, the executrix filed the petition in question to sell the personal property including the diamond ring bequeathed to John M. Mears.

The position of John M. Mears is that there being a deficiency, as stated, such deficiency should be borne ratably by the specific bequests and specific devises. On the other hand, the position of the executrix is that under the law all of the debts should be paid out of the personal property to the exclusion of the real estate. And in support of this, section 98, ch. 3, Rev. St. [Cahill's Ill. St. ch. 3, ¶ 99] is cited. By that section it is provided that: "When the executor or administrator has made a just and true account of the personal estate and debts to the county court, and it is ascertained that the personal estate of decedent is insufficient to pay the just claims against his estate, and there is real estate to which such decedent had claim or title, such real estate, or such portion as may be necessary to satisfy the indebtedness of such dece-

dent, and the expenses of administration, may be sold in the manner herein provided.'' And it is argued that by this section of the statute real estate can only be sold to pay debts of a decedent after the personal property has been exhausted. In this connection counsel cites the cases of *Heslop v. Gatton,* 71 Ill. 528; *Reid v. Corrigan,* 143 Ill. 402; *Haynes v. McDonald,* 252 Ill. 236; *Dauel v. Arnold,* 201 Ill. 570, and *Walls v. Chessen,* 158 Ill. App. 632.

In the *Heslop* case the will disposed of the personal property only. The real estate was not mentioned. There was a deficiency of $200 to pay a legacy of $1,000, and it was held that resort could not be had to the real estate for the deficiency. There were no specific legacies or devises involved in that case.

In the *Reid* case a bill was filed to construe a will and to enforce payment of a legacy. The court there held that upon a construction of the will it appeared that the testator disposed of all his personal property which was not sufficient to pay the legacy. It was presumed that he intended to charge them upon his real estate. The question in that case is not at all similar to the one involved in the instant case.

In the *Haynes* case it was held that a legacy is not a charge against real estate unless made so by the will, and if the personal estate is insufficient to pay the legacy, it must abate. The legacy mentioned in that case and which it was sought to charge upon the real estate was a general legacy.

In the *Dauel* case, which is relied upon by both sides, a petition was filed for leave to sell real estate of the decedent to pay debts. An order was entered as prayed for, which was affirmed by the Appellate and Supreme Courts. There Isaac K. Bunn died testate leaving a widow and children, and seized of 560 acres of land and $6,300 worth of bank stock. The land was incumbered by a mortgage. Before his death he prepared deeds to his children conveying certain of the

land to each. His wife joined in the deeds. The deeds were placed in the grantor's private box in the bank. He then executed his will in which he ordered the deeds delivered to the grantees after his death, which was done. By the terms of his will he bequeathed the bank stock to his widow and stated that the devises were made on the basis of giving $6,000 to each of the children. It was alleged in the petition that there was not enough personalty to pay the debts of the estate and that the legal effect of the will was that all of the indebtedness should be paid from the proceeds of the real estate devised to the children, and that the bequest of personalty to the widow should not contribute thereto. The answer to the petition alleged that there was sufficient personalty to pay the debts but that the widow appropriated a large portion of it to her own use. The court then stated the provision of the will, and said (p. 578): "The contention of appellants is that the shares of bank stock bequeathed to the widow are part of the residuary legacy and should be applied to the payment of debts before any of the real estate is ordered sold. * * * The petitioner claimed that the legal effect of the will was that the debts (in addition to the mortgage debts) should be charged on the real estate devised to the children, and that the bequest of personalty to the widow should not be required to contribute." The court held that the testator intended by his will that each of the tracts of land devised to his children should bear an equal proportion of the amount necessary to be raised to pay the debts of the decedent, and also that the widow should pay an equal proportion, and charged her with the payment of $1,699.42, which was to be taken from the amount due her as executrix. The court then defined a specific legacy and said (pp. 579-580): "His real estate, as well as the bank stock, is specifically given and in such case both should abate ratably for the payments of debts unless the debts were expressly or

by implication charged on the real estate. (2 Jarman on Wills, p. 623.) The court having ordered the widow to pay her equal proportion of the debts and fixed the amount at $1,699.42, and as the widow does not assign error or ask a reversal of the decree, it will not be necessary to ascertain the intention of the testator.'' In that case, while the question before us was not expressly presented, the court stated that where there is a deficiency of personal property to pay debts and there are specific legacies and specific devises, the bequests and devises should abate ratably for the payment of the debts, nothing appearing in the will to indicate that the testator intended them to be charged specifically on the real estate.

In the *Walls* case it was expressly held that where specific bequests and devises were made, both bequests and devises must contribute pro rata to the payment of the debts of the deceased. In delivering the opinion of the court, Mr. Justice Duncan there said (p. 634): ''Where the bequest of the personal estate and the devise of the real estate are both specific both must contribute to the payment of debts pro rata. North's Probate Practice, secs. 559-560; *Cox v. Johnson,* 242 Ill. 159.''

The rule as announced in the *Dauel* and *Walls* cases, *supra,* by the Supreme and Appellate Courts of this State, is amply supported by the following authorities: *In re Woodworth's Estate,* 31 Cal. 595; *Farnum v. Bascom,* 122 Mass. 282; *In re Hallowell's Estate,* 23 Pa. St. 223; *Brant's Will,* 40 Mo. 266; *Long v. Short,* 1 P. Wms. 403; *Armstrong's Appeal,* 63 Pa. 312; North's Probate Practice (Ill.), sec. 560; Simons' Probate Practice (Ill.), p. 480; 1 Amer. & Eng. Encyc. of Law (2nd Ed.), p. 56 *et seq.;* 2 Jarman on Wills, p. 623.

In *Woodworth's Estate,* the Supreme Court of California, in an exhaustive opinion where the authorities are reviewed and analyzed, held that specific legacies

and specific devises stand upon the same footing, and that where there were debts unpaid after exhausting the rest of the estate, both specific devises and specific legacies must contribute to the payment of the debts pro rata. It was there held that this rule was not changed by the statute of that State, which was in substance the same as section 98 of our Administration Act. The court there said (p. 601): "A specific legacy is considered as taken out of the general personal estate, and exonerated from the payment of the debts. The making of a specific bequest is regarded as indicating an intention to discharge the article or particular portion of personal property specifically be-' queathed from the debts of the testator." It was there further stated that under the rule at common law the personal property should be first applied in payment of the debts of the deceased, but that this rule did not obtain when the bequests were specific, and after reviewing the authorities, the law was there stated to be (p. 612) that: "Specific legacies and specific devises, therefore, stand upon the same footing, and for the reason that they are both specific, and, in reality, belong to the same class. Neither is to be charged till all the rest of the estate, both real and personal, is exhausted. So, also, 'where the devise of the personal estate, and also of the real, is specific, both must contribute to the payment of debts pro rata.' (Redf. on Wills, pt. II, 872, par. 23; *Long v. Short*, 1 P. Wms. 403.)"

In the *Farnum* case, it was said (p. 285): "Where there are both general and specific legacies and devises, those which are general must first be used for the payment of debts, even if they are thus entirely abated, before resort can be had to those which are specific. It is the presumed intention of the testator that the legatee shall receive the specific thing bequeathed. As long as it can be identified among the assets of the testator, he is to have it; and when it

cannot thus be found and identified, he has no claim against the estate on that account.'' Continuing, the court said (p. 286): ''As all the bequests and devises are specific, it is next to be considered how the burden of the debts is to be distributed among them, and whether or not there is any preference between the legatees and devisees as such.'' The court then refers to the statutes of that State and held that they did not change the law, and said (p. 287): ''Such is the rule of law apart from the statute. The testatrix by her will has indicated her wish that each beneficiary should have that which was specifically devised or bequeathed. To some extent her bounty must fail, but there is no reason to suppose that, by bestowing, upon one, realty, and, upon another, personalty, she intended to prefer one above the other, and their gifts must abate in proportion to their value.'' The court then refers to the case of *Rogers v. Rogers,* 1 Paige (N. Y.) 188, cited by the executrix in the instant case, and in reference to that case said that it was ''there held that chattels specifically bequeathed must be applied to the payment of a judgment against the testator before a resort could be had to the land, but that case is not in accord with the other American authorities, which adopt what we deem to be the correct rule, that specific legacies and devises are to bear the burden of the debts ratably, when resort must be had to them.''

In *Hallowell's Estate,* the Supreme Court of Pennsylvania held that when a devise and a legacy were specific, they must abate or contribute ratably to pay the debts of the deceased, and in discussing this question the court there said (p. 227): ''Cases of this sort never arise, except when it is ascertained that the intent of the testator is about to be, to some extent, disappointed; and the question then presented is always one of interpretation, aiming to learn from the will and other proper circumstances, what inten-

tion the testator had as to preferences among his devisees and legatees, so as to apply that intention in settling the duty of abatement and contribution.'' Continuing, the court said (p. 228): ''It becomes plain, that though the personal estate is, in legal contemplation, the primary fund for the payment of debts, yet this rule does not apply, as between legatees and devisees, where a particular portion of the personal estate is set apart for legacies, because, in such cases, without other circumstances, there is no evidence of an intention to prefer devises over legacies.'' The court there (p. 229) quoted with approval from the case of *Loomis' Appeal,* 10 Pa. St. 387, as follows: '' 'To suffer the legatees to be deprived of their fund, in violation of the testator's plain directions, would give the devisees all the available part of the estate, and cut up his plan of distribution by the roots.' ''

To the same effect was the ruling of the Supreme Court of Missouri in *Brant's Will, supra,* where the court said (pp. 280, 281): ''His whole estate was liable for his debts, and as it was all disposed of by devise and bequest, and as no specific fund was designated and set apart for the payment of debts, the natural presumption is that he intended that the devisees and legatees should contribute ratably to their abatement.

''If a man dies intestate owing debts, payment will be made in the regular order pointed out by the statutes, commencing with the personalty; but if he devises and bequeaths his whole property specifically, both real and personal, it is an indication that the objects or recipients of his bounty shall have the estate in the proportions designated in the will.''

In North's Probate Practice, sec. 560, it is said: ''Where the bequest of the personal estate and the devises of the real estate are both specific, both must contribute to the payment of debts pro rata.''

In Simons' Probate Practice, p. 480, it is said:

"And it is also held, if real estate and bank stock are both specifically given by a will both should abate ratably for the payment of debts, unless the debts are expressly or impliedly charged upon the real estate." And in support of this the author cites the case of *Dauel v. Arnold,* 201 Ill. 570.

In the instant case, if the diamond solitaire bequeathed to John M. Mears, and which it is stated was of the value of $1,700, is sold to pay the debts, he will receive nothing under the will, while the devisees will receive all. This most certainly was not the intention of the testatrix, and, if carried out, it would "cut up her plan of distribution by the roots." Such a result should not obtain unless there is some positive law requiring it. We find no such law in the statutes of this State. While section 98 of the Administration Act provides for the selling of real estate to pay debts where there is a deficiency of personal property, this does not affect a case where there is a specific bequest and a specific devise. In the instant case we think that the unpaid debts should be borne ratably by the specific bequests and specific devises.

The judgment of the circuit court of Cook county is reversed and the cause remanded with directions to dismiss the petition.

*Reversed and remanded with directions.*

THOMSON, P. J., and TAYLOR, J., concur.