THE FIRST CONGREGATIONAL CHURCH OF HARVARD, Appellee, *vs.* WILLIAM PAGE *et al.* Appellants.

*Announced orally October 8, 1912.*

1. APPEALS AND ERRORS—*a joint appeal requires a joint bond.* Where a joint appeal is prayed and allowed all of the appellants must sign the appeal bond or the appeal will be dismissed on motion of appellee.

2. SAME—*when new bond cannot be filed.* Where a joint appeal is prayed and allowed but all of the appellants do not sign the bond, the defect is not such a one as may be cured by the filing of a new bond in the Supreme Court, signed by all of the appellants. (*Hammond* v. *People,* 164 Ill. 455, overruled.)

3. SAME—*trial court cannot authorize a several bond on joint appeal.* After a joint appeal is prayed and allowed the trial court cannot lawfully order that a bond signed by one of the appellants, with sufficient surety, be accepted in lieu of a joint bond.

MOTION to dismiss appeal.

DAVID R. JOSLYN, and E. H. WAITE, for appellants.

CALVIN J. HENDRICKS, for appellee.

Mr. JUSTICE HAND announced the decision of the court:

This is a motion made by appellee to dismiss this appeal on the ground that appellants have not complied with the order of court in perfecting the appeal, in this: that the appeal prayed for and allowed was joint, while the appeal bond filed was signed by only one of the appellants.

It has been repeatedly held by this court that the right of appeal is purely statutory, and that a party, to avail himself of such a right, must strictly comply with the order of the court granting the appeal, and when a joint appeal is prayed and allowed all the appellants must sign the appeal bond, or the appeal, on motion, will be dismissed. (*Hileman* v. *Beale*, 115 Ill. 355; *Tedrick* v. *Wells*, 152 id. 214; *Town* v. *Howieson*, 175 id. 85; *Ellison* v. *Hammond*, 189 id. 470; *Fortune* v. *Gilbert*, 207 id. 235.) It has also been held that where a joint appeal has been prayed and allowed, if the appeal bond is signed by only one of the appellants the appeal must be dismissed, and that the defect in perfecting the appeal cannot be cured by filing a new appeal bond in this court which is signed by all the appellants. (*Tedrick* v. *Wells, supra; Ellison* v. *Hammond, supra.*) An order was made in this case subsequent to the granting of the appeal, which provided that a bond signed by one of the defendants, with good and sufficient surety, would be sufficient. This order was without avail to save the appeal, as the court was powerless to authorize one defendant to file an appeal bond for his co-defendants after a joint appeal had been granted.

It is thought the case of *Hammond* v. *People*, 164 Ill. 455, authorizes the filing of a new appeal bond in this court and thereby avoids the necessity of dismissing the appeal. That case is in conflict with later holdings of this court and must be deemed to have been overruled.

The appellants have asked that the attempted appeal be treated as a writ of error. This cannot be done. Cases can be found where a defective appeal has been allowed to proceed as a writ of error, but those are cases where the appellee had filed briefs and was held thereby to have joined in error and by such action to have estopped himself from saying the case had not regularly reached the appellate tribunal. The motion to dismiss in this case was made at the first opportunity, and the defect in perfecting the appeal has not been waived.

The appeal will be dismissed.        *Appeal dismissed.*