Retzinger v. Retzinger, 239 Ill. App. 127.

# Margaret A. Retzinger, Executrix of the Estate of Elias Retzinger, Deceased, Appellee, v. Michael Retzinger and Joseph Retzinger, Appellants.

## Gen. No. 30,116.

1. Estates of decedents—*jurisdiction of appeal from order directing sale of real estate to pay debts.* An order of the probate court directing the sale of a decedent's real estate to pay debts does not involve a freehold, and an appeal therefrom is properly taken to the Appellate Court.

2. Appeal and error—*effect of omission from record of order extending time for filing appeal bond.* Where an appeal bond on appeal from an order of the probate court is filed and approved within the time set by the order of that court allowing an extension of the time, the fact that, through inadvertence or mistake of the clerk of the probate court, the order extending the time for filing the bond is not included in the record is not ground for dismissal of the appeal for failure to file the bond within twenty days after the entry of the order where, on appellant's motion suggesting a diminution of the record, a duly certified transcript of the extending order is filed in the Appellate Court.

3. Appeal and error—*propriety of dismissal of appeal where record, although prima facie incomplete, affords basis for review.* Though the short record and the record supplemental thereto, on appeal from an order of the probate court, do not disclose that they form a complete record, the appeal will not be dismissed for want of properly authenticated records, where the record as filed is sufficient for a determination of some of the errors assigned and to present fully and fairly the questions involved.

4. Wills—*construction of will devising "rest and residue" of estate.* In the absence of language showing a contrary intention, the words "rest and residue" are to be construed as meaning what remains of the estate after the debts, charges and particular legacies, including the widow's allowance, have been paid.

5. Wills—*order of application of devised lands to payment of debts of testator.* Where a testator who dies seized of three parcels of real estate and no personalty directs his executrix to pay all of his debts, then specifically devises one of such parcels to his wife, another parcel to certain heirs, and then, without specifically mentioning the remaining parcel, provides that all the "rest and residue" of his real and personal property is devised to his wife, it is error to direct that the parcel devised to heirs

shall be first sold to pay the testator's debts and the widow's award,
with provision for apportionment of the indebtedness, including
the award, between the widow's real estate and that of such heirs
on distribution, but the parcel not specifically devised should be
sold first and the apportionment made on distribution, and in
the event that the proceeds thereof prove insufficient the balance
should be a charge upon the parcel devised the heirs, which should
be sold and apportionment made, on distribution, between the
widow and heirs according to the values of their respective parcels.

6. ESTATES OF DECEDENTS—*application of order for sale of testa-
tor's land for payment of debts, to purchase money paid by testator's
vendee on land contract.* Where a parcel of real estate not specifically
devised is occupied by one under a contract of purchase with the
testator, in the event that such performs his contract and pays
in the purchase money, an order directing the sale of such parcel
to pay the testator's debts will attach to the purchase money paid
in under such contract.

Appeal by defendants from the Probate Court of Cook county;
the Hon. HENRY HORNER, Judge, presiding. Heard in the second
division of this court for the first district at the March term, 1925.
Reversed and remanded with directions. Opinion filed December 8,
1925. Rehearing denied December 17, 1925.

MORTON T. CULVER, for appellants.

STEBBINS, GAREY, L'AMOREAUX & HURTUBISE, for
appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the
court.

This is an appeal from an order of the probate court
of Cook county, entered October 24, 1924, directing the
sale of a certain parcel of real estate owned by de-
ceased during his lifetime to pay debts, etc.

Elias Retzinger died testate on February 28, 1920,
leaving him surviving as his heirs-at-law Margaret
Retzinger, his widow; Francis, Irene and Sidney Ret-
zinger, minor children and heirs-at-law of Frank Ret-
zinger, who was a son of the deceased and who died
before him; and Michael, Joseph, John, Leo P. and
George Retzinger (a minor), five sons. The will, dated

March 4, 1907, was admitted to probate and letters issued to the widow, as executrix, on June 7, 1920. The inventory disclosed that the deceased did not leave any personal property but that he died seized of three parcels of real estate in Cook county, which for convenience may be described as follows: *Parcel No. 1.* About 12 acres of unimproved land, situated in the Town of Northfield and adjoining about 2½ acres of improved land lying within the Village of Shermerville. *Parcel No. 2.* Two lots in block one (1) of Ira Brown's Addition to Glencoe, improved by a two-story frame building. *Parcel No. 3.* Said 2½ acres of land, improved by a building, which at the time of his death the deceased and his family occupied as a homestead. On September 13, 1921, the probate court approved an award to the widow of $2,000, of which $1,800 was given for her support, and $200 for the support of the minor child (George) for the period of one year after the death of deceased. Claims of other creditors were allowed to the extent of $143, and on October 20, 1921, the court approved the account of the executrix, showing no cash on hand, or receipts, or personal property, but total liabilities of $2,143, made up of said award and claims.

In the petition of the executrix (filed November 17, 1921) for a sale of real estate to pay said widow's award, debts, etc., after stating the facts substantially as above set forth, it is alleged that Parcel No. 1 is subject to an unpaid trust deed given to secure a note of $550, executed by deceased and petitioner on August 25, 1917, and bearing interest at 5 per cent per annum; that Parcel No. 2 is subject to an unpaid trust deed given to secure a note of $1,000, executed by deceased and petitioner on November 16, 1916, and bearing interest at 6 per cent per annum, and also to the rights of Alfred Lorenz, as a tenant in possession and "on a contract for the purchase thereof"; and that since the death of the deceased Parcel No. 3 has been occupied

by petitioner and said minor child and is subject to petitioner's homestead rights. She prayed that the heirs-at-law of deceased, the trustees of the trust deeds, the unknown holders or owners of the notes, Alfred Lorenz, and others be made parties, that a guardian *ad litem* be appointed for the minor heirs, and that she be ordered "to sell all of said real estate of the deceased, or such portion thereof as shall be necessary, to pay the debts of said deceased, * * * and the expenses of administration, according to the statute," etc. Subsequently, Michael, Joseph and John Retzinger filed their joint and several answer to which certain amendments were made, and in which they took the position that Parcel No. 2, devised to petitioner in the *residuary* clause of the will, should be first sold to satisfy said debts, etc., which parcel, they alleged, was of a value, outside of the mortgage thereon, greatly in excess of the amount necessary to pay said debts, etc. Certain defendants, including Alfred Lorenz, were defaulted, and other defendants filed answers and the petition was put at issue and there was a hearing.

On October 24, 1924, the order appealed from was entered. After making findings substantially in accordance with the facts as above stated in the second paragraph of this opinion, the court further found in substance that, since the death of the deceased, Parcel No. 3 has been occupied by said Margaret Retzinger, widow, and her children, Leo P. and George, and is subject to her right of homestead and dower; that Parcel No. 2 "is occupied by Alfred Lorenz, as a tenant from month to month under an agreement to purchase same"; that Parcels No. 1 and No. 2 have unpaid mortgages thereon as stated in the petition; that it will not be necessary to sell all of the real estate, but that Parcel No. 1 is of sufficient value to pay said debts, etc.; and that Margaret Retzinger, widow, has failed, within the time allowed by law, to file a renunciation of the will and thereby has elected to take under it.

It is then *ordered* and *decreed* that petitioner proceed to first sell Parcel No. 1, or so much thereof as may be necessary; that "upon distribution herein, the court will ascertain the comparative value of the real estate devised to the widow and that devised to the heirs-at-law and apportion the indebtedness of said estate, including the widow's award allowed, according to the respective values of the property devised," but that the homestead, devised to Margaret Retzinger (Parcel No. 3) "is not to be considered in said valuation or to be made subject to sale"; and that upon the sale being made petitioner make and execute to the purchaser a good and sufficient deed, etc., and "report her action in the premises to the court for confirmation before delivery of any deed or deeds of the premises."

To the entry of this order, and on the day of its entry, the said Michael, John and Joseph Retzinger jointly and severally prayed an appeal to this Appellate Court, which was allowed "upon the said defendants, or any or either of them, or any number of them," filing an appeal bond in the sum of $200, with surety to be approved by the court, within 20 days, and each was given time within which to file a bill of exceptions. It was proper for the appeal to be taken to this Appellate Court, as a freehold is not involved. (*Richie v. Cox,* 188 Ill. 276, 278; *Wachsmuth v. Penn Mut. Life Ins. Co.,* 231 Ill. 29, 31.)

The record does not disclose that any bill of exceptions or certificate of evidence was filed. A short record, consisting of said order together with the allowance of the appeal, the bond of Michael and Joseph Retzinger, in the sum of $200, with surety (filed in the probate court on November 28, 1924), the order approving the bond, and various assignments of errors, were filed in this Appellate Court on the 2nd day of the March, 1925, term, and appellants were given additional time within which to file a supplemental record, and the same thereafter was filed. Evi-

dently through inadvertence or mistake of the clerk of the probate court, a certain order entered by that court on November 13, 1924 (the 20th day after the entry of the order in question) was not included in either record. By that order the probate court extended the time within which appellants might file their appeal bond for an additional 20 days, and the bond was filed and approved within the time as extended. On appellant's motion, suggesting a diminution of the record, a transcript of the order of November 13, duly certified, was here filed on October 28, 1925, and is now a part of the record. Previous to its filing appellee moved to dismiss the appeal on two grounds, viz.: (1) failure to file appeal bond in the probate court by November 13, and (2) want of properly authenticated records. The motion was denied. As to the first ground, the filing of said transcript of the order of November 13 shows it to be without merit. As to the second ground, while the clerk's certificates to the short record and to the supplemental record do not disclose that they form a complete record, we think that the record as filed is sufficient for a determination of some of the errors assigned and "to fully and fairly present the questions involved." (*Thomas v. O'Brien Lumber Co.*, 185 Ill. 374, 376.)

On the merits of the case, three of the errors assigned are:

"The findings and decree of the trial court are contrary to law.

"The court erred in directing that the premises described in the decree as Parcel No. 1 (the 12 acres) be first sold to pay the debts, etc.

"The court should have decreed that the premises described in the decree as Parcel No. 2 (the Glencoe lots) be first sold to pay said debts, etc."

It appears that the testator, Elias Retzinger, died seized of the three parcels of real estate and that he left no personal estate. By the first clause of his will he directed the executrix to pay all his debts, and by

the second clause he bequeathed to his wife (the executrix) all his personal property. By the third clause he specifically devised to his wife Parcel No. 3 (the 2½ acres improved with a building, which had been occupied by him and his family as a homestead). By the fourth clause he specifically devised to appellants and the other heirs Parcel No. 1 (the 12 acres adjoining the homestead), and in said fourth clause there are provisions that his wife "shall take no share or interest therein," and that appellants and said other heirs shall take said parcel "free and clear of all rights of homestead and dower of my said wife." Parcel No. 2 (the Glencoe lots) is not specifically mentioned in the will, but by the fifth clause thereof "all the *rest and residue* of my real and personal property" is devised and bequeathed to his wife, "her heirs and assigns forever." It further appears that the widow did not renounce the will.

In 40 Cyc., p. 1570, it is said: "The words 'rest and residue,' in the absence of language showing a contrary intention, mean the estate remaining after the payment of charges, debts, and particular legacies, including the payment of any statutory allowance fixed by the court for the temporary maintenance of the widow and received by her for that purpose." (See also 4 Words and Phrases, 2nd series, p. 352; *Gould v. Winthrop,* 5 R. I. 319, 324; *McMullin v. Brown,* 2 Hill. Eq. (So. Car.) 457, 462; *Smullin v. Wharton,* 86 Neb. 553, 561; *Phelps v. Robbins,* 40 Conn. 250, 264; *Shaw v. M'Cameron,* 11 Serg. & R. (Pa.) 252, 254; *Bennett's Estate,* 148 Pa. St. 139, 141; *Pyott's Estate,* 160 Pa. St. 441, 447.) In 40 Cyc., p. 2067, it is said: "Property constituting the residuum of a testator's estate and disposed of by the residuary clause in his will is to be first applied in payment of his debts." (See also *Hattersley v. Bissett,* 52 N. J. Eq. 693, 695-6; *Bergman v. Bogda,* 46 Ill. App. 351, 358-9; *Pace v. Pace,* 271 Ill. 114, 120.) In the *Bergman* case, this

Appellate Court said: "Turning now to the title of Wilhelmina Giese; put in evidence by appellant, we find that the first, the primary direction of the will of Johann Giese, is, that all his just debts, etc., be paid by his executrix, Wilhelmina Giese, and that it is only the 'rest, residue and remainder' of his estate which is given to her. Whenever a testator directs, first, that his debts shall be paid, such direction amounts to a charge of the debts upon the real estate in all cases where the real estate is afterwards disposed of by the will. * * * So, too, when an executor is directed to pay debts, and real estate is devised to him, either personally or as executor, the land so devised is charged. * * * It is difficult to see how a devise of the 'rest, residue and remainder' of an estate can be thought to be otherwise than subject to all that has gone before; in other words, to be a mere residuum. The premises in controversy were clearly charged with the payment of the testator's debts; the charge thus imposed was one which it was the duty of the executrix to remove; equitably she took only what would remain after the payment of debts, etc." In the *Pace* case (271 Ill. p. 120) it is said: "As a general rule, residuary legatees and devisees take *what is left,* and their legacies and devises abate before specific devises."

In section 76 of our Administration Act (Cahill's Stat. 1923, p. 85) it is provided that "the right of a widow to her award shall in no case be affected by her renouncing or failing to renounce the benefit of the provisions made for her in the will of her husband, or otherwise." In the present case petitioner, as widow, is to be regarded "as a creditor to the extent of her separate allowance," viz., the award made to her of $2,000, for her support and that of the minor child, and, there being no personal property, is entitled "to have real estate sold for its payment." (*Deltzer v. Scheuster,* 37 Ill. 301, 304.) And the question is,

which parcel (Parcel No. 1, devised to appellants and
the other heirs, or Parcel No. 2, devised to petitioner,
as wife, in the *residuary* clause) is to be sold first, for
the purpose of getting the funds with which to pay
said award and the proven claims of $143? Counsel
for appellee contend that the probate court was right
in ordering that said Parcel No. 1 be sold first and
at the same time ordering that, upon distribution, the
court, after ascertaining the comparative value of the
real estate devised to petitioner and that devised to
appellants and the other heirs, will "apportion the
indebtedness of said estate, including the widow's
award allowed, according to the respective values of
the property devised," and that in said apportionment
Parcel No. 3 (the homestead devised to petitioner)
"is not to be considered"; and counsel, in support of
their contention, particularly rely upon the decision
in *Deltzer v. Scheuster, supra.* In that case it appears
that the testator left a widow and two minor children,
devising a certain lot of land to the widow and cer-
tain other lots to the children; that the personal prop-
erty had been valued at $151.50 and that the county
court had allowed $740.50 to the widow as her separate
estate; that the widow qualified as executrix and did
not renounce the will; that, as executrix, she procured
an order for the sale of the lots devised to the chil-
dren, in order to raise a fund for the payment of her
allowance and a small indebtedness found against the
estate; that thereupon the children filed a bill in the
circuit court to enjoin the executrix from making the
sale; and that on the hearing the circuit court entered
a decree, making the injunction perpetual. Our Su-
preme Court reversed the decree holding in substance
that, while complainants (the children) were entitled
to relief, the decree went too far, and that, while the
county court erred in directing that the fund should
be raised exclusively from the real estate devised to
the children, still, equality being equity, the burden

should be equally borne. And the Supreme Court (p. 305) directed that "the court below will ascertain the comparative value of the real estate within its jurisdiction devised to the widow, and that devised to the children, and apportion the indebtedness of the estate, including the widow's allowance, according to the respective values of the property devised."

We do not think that the holding in the *Deltzer* case is decisive of the correctness of the decree in the present case, where the provisions of the will are so materially different. In the *Deltzer* case a certain parcel of land was specifically devised to the widow and certain other parcels of land were specifically devised to the children. It does not appear that any parcel was devised to the widow by a *residuary* clause of the will. In the present case, by the testator's will, Parcel No. 3 (the homestead) first is specifically devised to the widow, then follows the specific devise to appellants and the other heirs of Parcel No. 1 (the 12 acres adjoining). Provision thereby is made for the widow and for the heirs; and then by the *residuary* clause "all the rest and residue" of the testator's real and personal estate is devised and bequeathed to the widow. In view of the above-mentioned statements of the textbook writers in 40 Cyc., and of the decisions in the cases, above cited under said statements, we think it must be held that it was the evident intention of the testator under the present will that, in the event it became necessary to sell any of the real estate that he died seized of, Parcel No. 2 (not specifically devised but included in said *residuary* clause) should be sold first to satisfy claims against the estate, including said widow's award, and that the probate court erred in its decree in ordering that said Parcel No. 1 (devised to the heirs) should be sold first, and upon distribution that the apportionment mentioned should be made. It seems to us that to first sell Parcel No. 1 (the only parcel devised to appellants and the

other heirs) when another parcel was devised to the widow and there was also devised to her by the *residuary* clause still another parcel, would be inequitable, against the current of authority, and would defeat the evident intention of the testator as expressed in the will.

The record discloses that one of the defendants to the petition was Alfred Lorenz, that he entered his appearance but was defaulted 'for want of an answer. One of the findings of the decree is that Parcel No. 2 ''is occupied by Alfred Lorenz, as a tenant from month to month *under an agreement to purchase same*,'' but the record is silent as to the particulars of that agreement, viz., the date when made, with whom made, the price, terms, etc., and as to when the testator acquired said parcel, whether before or after the execution of his will (March 4, 1907). In 40 Cyc., p. 1878, it is said: ''A devise of land owned by the testator at the time of executing the will is regarded as *specific*, whether the land is given by specific description or passes under the residuary clause. But land acquired by the testator after the execution of the will goes to the devisee as a *general* devise, unless the property is so described in the will as to admit of identification.'' (See *Kelly v. Richardson*, 100 Ala. 584; *Hays v. Jackson*, 6 Mass. 149.) In 40 Cyc., p. 1541, it is said: ''A *general* devise of lands carries the legal estate in lands which the testator has contracted to sell, together with the title to purchase money notes given therefor.'' (See *Heirs of Wright v. Minshall*, 72 Ill. 584; *Covey v. Dinsmoor*, 226 Ill. 438.) In *Beemer v. Beemer*, 252 Ill. 452, 464, it is decided that, where a testator devised to a daughter a tract of land that he had contracted to sell to a third person, said testator, by that devise, ''made it certain that in the event the purchaser failed to perform, the land would go to his daughter, and in the event the contract was fulfilled

and the purchase price paid she would then receive the proceeds.''

Our conclusion is that the decree of the probate court of October 24, 1924, wherein the court ordered the sale of Parcel No. 1, for the purposes and upon the conditions mentioned, should be reversed and the cause remanded for further proceedings. Owing to the condition of the record no specific directions can be given as to a sale of Parcel No. 2, devised to the widow by the residuary clause of the will, which parcel we hold should be first sold, subject to the existing mortgage thereon, for the payment of said claims and charges against said estate, *unless* it be shown that said Alfred Lorenz has a binding and unexpired contract for its purchase, which he is desirous of consummating. It may be, for aught this record shows to the contrary, that said Lorenz failed to comply with his contract within the prescribed time and has forfeited all rights therein, in which event the court can order the parcel sold for the purposes mentioned. Or it may be that he has performed the contract on his part and paid the purchase money, in which event the proceeds should be charged with the payment of said claims, etc., as far as they will go. In the event that said claims, etc., cannot be fully discharged by said proceeds, the balance should become a charge upon Parcel No. 1, devised to appellants and the other heirs, and (in the event appellants, etc., do not pay said balance) proper proceedings should be taken for its sale to pay said balance, and, upon distribution, said balance be properly apportioned, taking into consideration the respective values of Parcel No. 1 and Parcel No. 3.

The order or decree appealed from is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded with directions.*

BARNES, P. J., and FITCH, J., concur.