In re Estate of Francis Hamilton Riddel.
Appeal of Henry W. Leman, Guardian, Appellant, v.
Francis Hamilton Riddel, Appellee.

Gen. No. 31,725.

1. WILLS—*what constitutes a specific bequest.* A bequest of ''the household fittings and furniture and all personal property contained'' in a house in a named town is a specific bequest.

2. WILLS—*what constitutes a general devise.* A devise in trust of "all the rest and residue of my estate, real, personal and mixed" is a general devise.

3. ESTATES OF DECEDENTS—*when property in residuary clause is first to be charged with debts.* As between particular personal property specially bequeathed, and real and other property which is devised in general terms to a trustee in a general, omnibus residuary clause, the property in the residuary clause is first to be charged with the debts of the estate.

4. ESTATES OF DECEDENTS—*when personal estate not first applied to payment of debts.* It is a general rule that the personal estate of a testator shall be primarily applied in discharge of the personal debts, but a testator may, by appropriate expression, give it immunity over the real estate.

5. GUARDIANSHIP—*when payments of guardian by authority subject to ward's objection on final accounting.* The fact that a guardian of a minor, as executor, acts under the orders of the probate court in bringing personal property, which represents a specific bequest to the minor, into the jurisdiction, and that the court authorizes him, as guardian, to credit himself in his guardianship accounts with the expenditure of such sum in payment of the debts of the testator, does not prevent or estop the minor from objecting to the guardian's final account containing said credit and to require the surcharging of the account with the payment, particularly where the minor's rights are in charge of one acting in the triple capacity of executor, trustee and guardian.

6. PROBATE COURTS—*jurisdiction to compel accounting by guardian.* The probate court of Cook county has jurisdiction to compel a guardian to file a correct account of his ward's estate.

7. PROBATE COURTS—*equitable powers.* The probate court of Cook county has equitable powers.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1927. Affirmed. Opinion filed January 18, 1928. Rehearing denied January 30, 1928.

FRANK H. CULVER, for appellant.

NEWMAN, POPPENHUSEN, STERN & JOHNSTON, for appellee; EDWARD R. JOHNSTON and HENRY J. BRANDT, of counsel.

In re Estate of Riddel, 247 Ill. App. 175.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

This is an appeal by Henry W. Leman, guardian of Francis Hamilton Riddel, a minor, from an order of the circuit court confirming an order of the probate court which sustained objections of the minor to the final account and report of the guardian, and directed the guardian to file an amended final account and report, accounting and including therein, as an asset of the minor's estate, the claim of the guardian against the trustee under the last will of Bessie H. L. Riddel, deceased, in the sum of $4,360.70, with interest at five per cent from July 10, 1913, to the date of the amended final account.

Bessie H. L. Riddel, hereinafter called the testatrix, the mother of Francis Hamilton Riddel, a minor, died in Chicago on November 13, 1912, leaving a last will and testament, with a codicil attached, which was duly proved and admitted to probate by the probate court of Cook county on January 17, 1913. It contained the following:

"Second: I hereby give, devise and bequeath to my beloved son, Francis Hamilton Riddel * * * his heirs and assigns forever, the premises, owned by me, with the household fittings and furniture and all personal property contained therein, at the date of my decease, and located in the town of Tiverton, Newport county and State of Rhode Island * * * provided I have not, prior to my decease, sold and disposed of the same.

"Third: All the rest and residue of my estate, real, personal and mixed, of which I may die seized, in expectancy inherited, and to be inherited, including all lapses of legacies in this will provided, I do hereby give, devise and bequeath to Henry W. Leman * * * in trust, however, for the uses and purposes following."

In a further clause, by virtue of which Henry W. Leman became trustee, the will provided as follows:

"After the payment of the necessary expenses of support of any child or children of my body, who survive me and of all my just debts and funeral expenses and, after the payment of the costs of administration of my estate, and also after the payment of all taxes and expenses of said Trust Estate * * * I hereby authorize and empower and direct my said trustee, out of the net income arising from my trust estate, to expend for and pay to the child or children born of my body me surviving * * * an annual sum * * * as in the opinion of my trustee, shall be deemed just."

By the codicil, the testatrix revoked the second clause above mentioned "in so far as it gives, devises and bequeaths to my beloved son, Francis Hamilton Riddel, his heirs and assigns, forever, the premises, owned by me, and located in the Town of Tiverton," and devised them to Henry W. Leman, in trust, under the terms of the trust created in the will.

The will appointed Henry W. Leman to be executor, to be guardian of the minor son of the testatrix, hereinafter called the ward, and made him trustee of the greater part of the estate of the testatrix, which was devised to him in the residuary clause.

The will gave large powers and practically unlimited discretion to Henry W. Leman in the administration of the estate provided for in the will, and in the distribution of the income. The will provided as follows:

"It is my wish, notwithstanding, that he be given greater latitude in the compensation for his services as trustee and greater scope and powers in the administration of the trust estate than are usually conferred and bestowed upon trustees. It is, therefore, my wish that this will be construed liberally and broadly in such respects."

Although it is admitted on behalf of the guardian that the testatrix "bequeathed to her son Francis

Hamilton Riddel certain personal property and household fittings and furniture contained in her summer home at Tiverton, Rhode Island," and that she then, in a residuary clause, devised and bequeathed all the "rest and residue" of her estate, real, personal and mixed to Henry W. Leman, in trust, largely for the support of her said son Francis Hamilton Riddel, and for other purposes, with remainders over, upon certain contingencies; yet, it is contended by the guardian that his final report, an account in the probate court, ought to have been approved, although its approval would mean that the sum of $4,360.70, the proceeds of the sale of the personal property, located at Tiverton, would be credited to him, the guardian, as having been paid in liquidation of the debts proved against the estate of the testatrix and certain expenses of an ancillary administration.

The question arises, then, whether, as between particular personal property specially bequeathed, and real and other property which is devised in general terms to a trustee in a general, omnibus residuary clause, the property in the residuary clause is first to be charged with the debts of the estate; in other words, does the property in a general residuary clause of the will, following a specific legacy, bear the burden of the debts of the estate, or must they be borne altogether or ratably by the specific legacy merely because the subject matter of the legacy is personal property?

This was a specific legacy because it was expressly designated and segregated physical personal property. Schouler on Wills, 5th Ed. p. 1534, citing 1 Roper, Legacies, 170 Wms. Exrs. 1158. In 141 N. Y. S. 705, it was held that a bequest of furniture in a residence is a specific legacy. On the other hand, the bequest and devise in the residuary clause, "All the rest and residue of my estate, real, personal and mixed, of which I may die seized  *  *  *  I do hereby give,

devise and bequeath to Henry W. Leman,'' is wholly and expressly general. Schouler says,

"The bequest of all one's personal estate, or the devise and bequest of all the residue, both personal and real, cannot be treated as specific; but such a disposition, from its own terms, is general and residuary, and subject to the usual payment and satisfaction of debts and legacies." Citing Wms. Exrs. 1172; *Fairer v. Park*, L. R. 3, Ch. D. 309.

Here, the bequest to the minor, in our judgment, being specific and the residuary bequest and devise to the trustee being general, it follows that, although as a rule general legacies must be paid out of the personal property until it is exhausted before recourse can be had to the real estate (*Haynes v. McDonald*, 252 Ill. 236, 240), the specific bequest to the minor is not subject to the debts until the general residuary estate is exhausted.

The will, as we analyze and interpret it, shows quite convincingly that the intention was to put the burden of the debt of the estate primarily on the property included in the general residuary clause. It is true, as stated above, that it is a general rule that the personal estate shall be primarily applied in discharge of the personal debts, but a testator may by appropriate expression give it immunity over the real estate; and, as said in *McCullom v. Chidester*, 63 Ill. 477, "The exemption may be manifested by plain intention or by making of the personalty a specific legacy." *Reid v. Corrigan*, 143 Ill. 402. In *Fenwick v. Chapman*, 9 Pet. (U. S.) 461, 470, the court said,

"The testator may exempt a part of it by making it a particular legacy; or the whole of it, either by express words, or plain manifest intention, or by giving it as a specific legacy."

And in *Lewis v. Sedgwick*, 223 Ill. 213, 222, the court said,

"The general rule has always been that a specific legacy is a gift of a specific part of testator's estate, identified and distinguished from all things of the same kind, and can only be satisfied by the delivery of the particular thing, and that if the estate for any reason should turn out to be less than the testator anticipated, or if for any reason there is required an abatement as to any of the legacies, general legacies or residuary funds must first be abated before any abatement of the specific legacies could be required."

In *Mears v. Strale,* 228 Ill. App. 519, the contest was between a specific bequest and a specific devise, which is not the case here.

It is further contended on behalf of the guardian that, by reason of several orders of the probate court pursuant to which he sold the personal property located at Tiverton and applied the net proceeds in the payment of the debt of the estate, his final account, to which the minor made objection, should have been approved.

The record shows that Leman, as guardian, inventoried the personal property located at Tiverton, and presented his petition to the probate court, asking for instructions in regard to his duties as to the Tiverton personal property; that the probate court entered an order that he, as executor, should proceed to Tiverton and take possession of it, and, if in his judgment such property could be better disposed of there than in Cook county, he should take out ancillary administration in Rhode Island, and bring the proceeds of the Tiverton property to the probate court of Cook county; that he, as executor, obeyed the order of the probate court and sold the Tiverton property under ancillary administration for $4,360.70, and brought the net remainder into the probate court of Cook county, that the probate court of Cook county was then informed that the debts of the estate, which had been proved, aggregated approximately $50,000, and that

the personal property of the estate of the deceased was wholly insufficient to pay them, and that the real estate would have to be sold to pay such debts; that he then, as executor, after presenting those facts to the probate court, asked direction and instruction as to the disposition of the net proceeds of the personal property at Tiverton; that an order was entered in the probate court for the filing of his receipt as executor, in the sum of $4,360.70, and that he be given leave as guardian to expend the sum of $4,360.70 of the minor's estate in payment, as far as the same would apply, of the debts against the estate of the deceased, and to credit himself with such payment in his guardianship accounts; that the order contained the words, "This to prevent the sale of the ward's real estate."

It is argued that the order of the probate court, above mentioned, was made in order to prevent the sale of the ward's real estate. We do not find, however, that the will provided that the real estate should ever become the property of the ward; but, however that may be, the record shows that the orders were obtained by Leman when he was acting in the triple capacity of executor, trustee and guardian, and were subject to objection upon his making a final account and report.

Counsel for the guardian urge that the orders mentioned above gave him immunity, and sanctioned the sequestration of the minor's specific legacy in part payment of the debts of the estate. The law, however, particularly in such a case as this, where the minor's, or ward's rights are in charge of a guardian who is both executor and trustee, creates no such estoppel, and does not, as stated above, prevent the minor from surcharging the accounts rendered by the guardian in his final report. *Bliss v. Seaman,* 165 Ill. 422.

It is further contended on behalf of the guardian that the probate court had no jurisdiction of the matters involved, and that if the minor were entitled to

be paid the $4,360.70 claimed to be due him, he should have brought suit in equity. The record shows, however, that the minor did not ask the probate court for a money judgment against the guardian. The relief he sought was that the guardian be compelled to file a correct account, and that was a matter of which the probate court alone had jurisdiction. It may be true that the order of the probate court, when followed by the guardian, will not, in and of itself, give the ward substantial relief. That is no sufficient reason, however, why the order of the probate court should not be obeyed. Further, the probate court possesses equitable powers. *Bliss v. Seaman,* 165 Ill. 422, 427.

For the reasons above stated, we are of the opinion that the order of the probate court that the guardian file an amended final report, accounting for and charging himself with the sum of $4,360.70, with interest thereon, at the statutory rate, from the date when said sum was so paid out and expended by said guardian, should be affirmed.

*Affirmed.*

HOLDOM and WILSON, JJ., concur.