(No. 17514.—

MARGARET A. RETZINGER, Exrx., Plaintiff in Error, *vs.* MICHAEL RETZINGER *et al.* Defendants in Error.

*Opinion filed June 23, 1928.*

STEBBINS, GAREY, L'AMOREAUX & HURTUBISE, (J. E. HURTUBISE, and J. C. BYRNE, of counsel,) for plaintiff in error.

FRANK N. REED, for defendants in error.

Per CURIAM: This case involves the order of the probate court of Cook county for the sale of a certain parcel of land or so much thereof as may be necessary to pay debts. The petition for such sale of real estate was filed by plaintiff in error, as executrix under the will of her husband, Elias Retzinger, deceased. The cause is here on a writ of *certiorari* to review the judgment of the Appellate Court for the First District reversing the order of the probate court of Cook county and remanding the cause, with directions to sell certain other lands owned by deceased during his lifetime.

We are met at the threshold of this case by a question of jurisdiction of the Appellate Court to hear the appeal. Plaintiff in error, who was appellee in the Appellate Court, filed a motion in that court to dismiss the appeal. One of the grounds of this motion was that the order of the probate court allowing the appeal had not been complied with. This motion was denied. Error is assigned here on this ruling of the Appellate Court.

The appeal was prayed for by Michael, Joseph and John Retzinger, sons of the testator and devisees under his will, and was allowed by the probate court October 24, 1924. No appeal was perfected under that order allowing "defendants, or any or either of them or any number of them," to appeal by filing appeal bond in twenty days. On November 13, the day the twenty days allowed for filing appeal bond expired, the probate court entered an order granting defendants an extension of twenty days to file "their joint and several appeal bond or bonds," and within the time extended Michael and Joseph filed their joint bond, which the

clerk approved, but no bond was signed or filed by John. The transcript filed in the Appellate Court contained no mention of the order of the probate court of November 13, 1924, extending the time for filing appeal bond, and on September 2, 1925, appellee, who is plaintiff in error in this court, moved the Appellate Court to dismiss the appeal, as the Appellate Court states in its opinion, on the ground of "failure to file appeal bond in the probate court by November 13," which was the limit of the time given in the original order granting an appeal to the three defendants praying an appeal, upon "any or either of them or any number of them" filing bond in twenty days. The order of the probate court of November 13 extending the time for filing bond twenty days was, on motion of appellants in the Appellate Court suggesting a diminution of the record, certified to and filed in the Appellate Court on October 28, 1925. The Appellate Court opinion says that prior to the filing of said last mentioned order in the Appellate Court appellee in that court had moved to dismiss the appeal because no bond was filed by November 13, as the probate court order required. The Appellate Court said the motion to dismiss was without merit, as the transcript of the order of the probate court of November 13 showed an extension by the probate court of twenty days from November 13 to file bond. It will be noted that the terms upon which the appeal was allowed were changed from what they were in the original order of October 24, 1924. The order of November 13 was that within twenty days defendants file "their joint and several appeal bond or bonds." A bond, as we have said, was filed by Michael and Joseph Retzinger but was not signed by John, nor was any bond filed by him. Under the order for appeal of November 13 the order of October 24 was changed or abrogated and the parties praying the appeal were allowed to file within twenty days "their joint and several appeal bond or bonds." Under that order the appeal could only be perfected by all the parties

giving their joint bond or by giving their several bonds. A bond signed by only two of the three was not a compliance with the order of November 13.

When appellee on September 2, 1925, moved the Appellate Court to dismiss the appeal for failure to file appeal bond the record did not show any bond had been filed on or before November 13, 1924. Afterwards, on motion of appellants suggesting diminution of the record, a transcript of the probate court order of November 13 was filed in the Appellate Court and showed that Michael and Joseph Retzinger had filed their joint appeal bond November 28, 1924. The Appellate Court record shows that the motion of appellee in the Appellate Court to dismiss the appeal for failure to file bond as required by the probate court order of October 24, 1924, was denied by the Appellate Court on the same day appellants' motion suggesting diminution of record was allowed. The Appellate Court had before it, therefore, at the time it denied the motion to dismiss the appeal, the additional transcript of the record.

The right of appeal has frequently been held by this court to be purely statutory, and a party to avail himself of such right must strictly comply with the order of the court granting the appeal. When a joint appeal is prayed and allowed all of the appellants must sign the appeal bond, or the appeal, on motion, will be dismissed. Whether the terms of the appeal are fixed by the order of the court or by statute, the order or the statute must be strictly complied with. A defect in perfecting the appeal cannot be cured by filing a new bond after the time for filing the bond has passed. (*First Congregational Church* v. *Page,* 255 Ill. 267; *City of Momence* v. *Kirby,* 315 id. 138; *Legro* v. *Ashkum Drainage District,* 297 id. 155; *Drainage Comrs.* v. *Harms,* 238 id. 414; *Fortune* v. *Gilbert,* 207 id. 235; *Koutnik* v. *Koutnik,* 196 id. 162; *Ellison* v. *Hammond,* 189 id. 470; *Town* v. *Howieson,* 175 id. 85; *Tedrick* v. *Wells,* 152 id. 214; *Hileman* v. *Beale,* 115 id. 355.) Such

a failure to comply with the order of court is not an informality but goes to the jurisdiction of the court to hear the appeal. *Legro* v. *Ashkum Drainage District, supra; First Congregational Church* v. *Page, supra; Koutnik* v. *Koutnik, supra; Ellison* v. *Hammond, supra.*

The original order of the probate court was that the three defendants who prayed an appeal, or any or either of them, give bond in twenty days. That order was abrogated by the probate court order of November 13 extending the time for those praying an appeal twenty days to file "joint and several appeal bond or bonds." The defendants praying an appeal did not comply with that order by filing a joint bond of all of them or separate bonds of each of them. Two of the three joined in an appeal bond but one of them did not give any bond. That was not a compliance. with the order of November 13 to file a joint or several bond or bonds.

The abstract is not a very full abstract and the record itself is somewhat confused. We have endeavored to state, and believe we have succeeded in stating correctly, what the record shows. The bond filed by two appellants jointly might have been a compliance with the terms of the original order of the probate court of October 24, but that order having been abrogated or altered by the order of November 13, the bond or bonds were required to comply with that order. The question is not one of informality of the bond, which might be corrected, but is one of jurisdiction, and we are of opinion the Appellate Court never acquired jurisdiction of the appeal and erred in denying the motion to dismiss it.

The judgment of the Appellate Court is reversed and the cause remanded to that court, with directions to dismiss the appeal. *Reversed and remanded, with directions.*