In the Matter of the Accounting of DORA A. HUND et al., as Executors and Trustees under the Will of WILLIAM H. HUND, Deceased, Respondents.

DORA A. HUND, Individually, Appellant.

Fourth Department, June 29, 1943.

*William Palmer* for appellant.

*Walter F. Hofheins* for executors of estate of William H. Hund, deceased, respondents.

*Morey C. Bartholomew,* special guardian for Marion Adney, respondent.

*Henry J. Geuting,* respondent in person.

*Henry W. Willis* for Crippled Children's Guild, respondent.

*Per Curiam.* Unquestionably the testator had a right, under section 124 of the Decedent Estate Law, to provide, in his will, for the payment of all inheritance taxes, by whatever name called, out of his residuary estate, instead of leaving them to become, by operation of law, a charge, *pro rata,* upon the several devises and legacies. The only question here involved is whether or not the testator clearly expressed an intention to make such taxes a charge upon his residuary estate.

The will provided: " I direct my executors to pay from funds of my estate all my just debts and funeral expenses, and also any inheritance, succession, estate or legacy taxes imposed by law," et cetera.

Testator's direction that debts and funeral expenses should be paid out of " funds " of his estate did not accomplish anything but what the law would compel in any case. Testator is presumed to have known that. And in the absence of a clear direction in the will to the contrary, debts and funeral expenses would be paid out of the residuary estate. In testator's mind there could have been no purpose in bracketing inheritance taxes in with debts and funeral expenses, but to direct that the taxes as well as the debts and funeral expenses were to be paid out of the same fund, namely the residuary estate. (See *Matter of James,* 40 N. Y. S. 2d 4.)

The decree so far as appealed from, should be reversed on the law, with costs to appellant payable out of the estate, and matter remitted to the Surrogate's Court to enter a decree in accordance with the opinion.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and McCURN, JJ.

Decree so far as appealed from reversed on the law, with costs to appellant payable out of the estate, and matter remitted to the Surrogate's Court to enter a decree in accordance with the opinion.