Joseph J. Franz, individually and as Executor and Trustee under the Last Will and Testament of Matilda A. Cunnea Franz, Deceased, Plaintiff-Appellant, v. Charles John Schneider, et al., Defendants-Appellees.

### Gen. No. 11,032.

Second District.

September 12, 1957.

Released for publication September 30, 1957.

Gerald Ryan and William E. Raddatz, both of Chicago, for appellant.

John J. Black, and August B. Black, both of Morris, for appellees.

PRESIDING JUSTICE DOVE delivered the opinion of the court.

The instant complaint was filed by Joseph J. Franz, surviving husband of Matilda A. Cunnea Franz, deceased, in his individual capacity and as executor and trustee under the provisions of the last will of said Matilda A. Cunnea Franz. The complaint sought a construction of the will of said Matilda A. Cunnea Franz and made Charles John Schneider, Jr., Dorothy L. Schneider, his wife, Jeannette A. Schneider and her husband, Charles B. Schneider, and other remote beneficiaries parties defendant. These remote beneficiaries did not participate in the trial, nor have they joined in this appeal.

The record discloses that Mrs. Franz executed her will on January 11, 1955, and on May 4 of the same year died. Her will was duly admitted to probate, and the first paragraph is as follows, viz.: "First: I direct my Executor hereinafter named to pay all my just debts and funeral expenses, all estate inheritance and succession 'taxes out of the principal of my estate as soon after my death as may be convenient." The second clause provided for certain masses for the decedent, and by the third clause the testator gave certain personal items and household goods to her husband, Joseph J. Franz. By the fourth clause she devised two farms in trust, one half for the benefit of her husband and one half for the benefit of her grandnephew, the defendant Charles John Schneider, for his life, and then to his wife, the defendant Dorothy L. Schneider, for her life, and then to her niece, Jeannette A. Schneider, and Charles B. Schneider for their respective lives. By the fifth and last clause of her will, the testator devised and bequeathed the residuary estate of approximately $161,000 to her husband, Joseph J. Franz. The record discloses that the estate consisted of real and personal property and was of the value of approximately $265,000. Of this sum, $7,000 was in

466

personal property, and the value of the two farms left in trust was $103,000.

The federal estate tax, inheritance taxes and real estate taxes, claims, costs of administration, and fees aggregate between $29,000 and $30,000, and, after applying all of the personal property available toward the payment of the foregoing items, there remained a deficiency of about $21,500. The question arises as to how this deficiency is to be paid and what beneficiaries of the testator must pay the same.

It is the contention of appellant that the two farms which the testator devised in trust must contribute toward the payment of the deficiency in the proportion of the value of these farms to the value of the entire estate, while counsel for appellees assert that by the first clause of her will, the testator meant that all debts, funeral expenses, federal estate taxes and succession taxes were to be paid out of the residuary estate and not from the property which the testatrix placed in trust under the fourth clause of her will. It is further insisted that when the testator used the word "principal" in the first clause of her will she meant "residue."

The prayer of the complaint was that the will be construed and a decree entered finding plaintiff, as trustee under the will, had the power to mortgage the land which the testatrix placed in trust in order to raise funds to pay the portion of the deficiency which he contended should be borne by the defendants Schneider. The chancellor denied plaintiff this relief and directed that the deficiency be borne solely by the residuary estate.

It is first necessary to dispose of a question of pleading. The defendants filed a sworn answer to the complaint admitting that their share in the trust estate which came to them under the fourth clause of the decedent's will was subject to the inheritance tax due the state of Illinois for the share which they would

467

receive and acknowledged that to the extent of this tax they must contribute to the deficiency or exonerate the executor of the estate. Thereafter, the defendants moved the court for leave to file an amended answer, and, over the objection of counsel for the plaintiff, the court allowed the amended answer to be filed. The amended answer denied that any property which the defendants received under the provisions of the will was subject to the Illinois state inheritance tax.

Counsel for appellant insists that the defendants are conclusively bound by their admission in their original answer that they were liable for their share of the Illinois inheritance tax. There is no merit in this contention. Whether the state inheritance tax on the interest which the defendants took under this will had to be paid by them or whether it was a proper charge on the residue of the estate was a question of law. Defendants cannot be bound by their erroneous legal conclusion. The Practice Act (Ill. Rev. Stat., chap. 110, sec. 35(1)) provides that verified allegations shall not constitute evidence except by way of admission. This has been construed to refer to admissions of fact and not admissions of law. (Chambers v. Appel, 392 Ill. 294.) The same Act further provides that at any time before final judgment, amendments may be allowed changing the defense or adding new defenses, and changing any pleading either of form or substance which may enable the defendant to make a defense. (Ill. Rev. Stat., chap. 110, sec. 46.) To hold, as appellant contends, that defendants were bound by an erroneous conclusion as to the law on a given proposition, would violate the obvious intent of this section of the Practice Act.

By the first clause, as set forth above, the decedent directed her executor to pay all just debts and funeral expenses, all estate, inheritance and succession taxes out of the principal of her estate. The fifth clause of her will was as follows: "Fifth: All of the rest, residue

468

and remainder of my property, real, personal and mixed, I give, devise and bequeath unto my beloved husband, Joseph J. Franz, absolutely." The question to be determined in construing this will is what did the testator mean when she directed her executor to pay all of her just debts and funeral expenses, all estate, inheritance and succession taxes out of the "principal" of her estate.

Counsel for appellees insist that by the use of the word "principal" the testator meant "residue" and that, therefore, all of these various items of debts, funeral expenses and taxes were to be paid out of the residue of her estate. Counsel for appellant insists that the use by the testator of the word "principal" in the first clause of her will requires a proration of the federal estate and other taxes against her entire estate and that the word "principal" as so used was not intended to mean "residue."

In support of his contention, appellant relies chiefly on a California case, Security Bank, etc. v. Wellslager, 198 Pac.2d 700, 88 Cal.App.2d 210. This case involved a trust agreement, and the controversial language in the agreement was: "The Trustee shall pay out of the principal, to the extent that this trust shall be included in the gross estate of trustor for the purpose of determining estate taxes, a ratable share of such taxes based upon the value of the trust estate and of the trustor's estate, as determined for estate tax purposes by the authority assessing such tax." California has a contribution statute, and the court in the Wellslager case upheld the judgment of the trial court requiring contribution by all the beneficiaries under the will. In the course of its opinion, the court said: "The intent of the Trustor must be ascertained from the instrument alone. (Citing cases.) In the instant case the trust instrument provided that 'the Trustee shall pay out of principal its ratable share of the tax,' not out of the residue. In Webster's New International

469

Dictionary, Second Edition (P. 1966) 'the principal of an estate or portion of an estate of a decedent' is defined as 'the corpus or main body of the estate, portion, devise or bequest;—distinguished from income' whereas the residue is defined (P. 2120) as 'that which remains after a part is taken, separated, removed or designated; remnant; remainder; rest . . . . The part of a testator's estate, or of any part thereof, remaining after the satisfaction of all debts and previous devises and bequests'."

It will be noted that in the California case there was not any grouping of taxes with debts and funeral expenses such as was done by the decedent in the instant case. The California court very carefully pointed this out and cited in support of its conclusion two cases from New York where there was a direction in each instance to pay out of funds of the estate all debts, funeral expenses, inheritance, succession, and estate taxes. One of these New York cases is In re Hund's Will, 266 App. Div. 379, 42 N.Y.S.2d 505. The clause in the will in that case was "I direct my executor to pay from funds of my estate all my just debts and funeral expenses and also any inheritance, succession, estate or legacy taxes imposed by law." The court held that because the inheritance, succession and estate taxes were grouped by the decedent along with debts and funeral expenses, which are required to be paid out of the residuary estate, it must have been the testator's intention to pay these taxes likewise out of the residuary fund. The court then concluded: "Testator's direction that debts and funeral expenses should be paid out of 'funds' of his estate did not accomplish anything but what the law would compel in any case. Testator is presumed to have known that. And in the absence of a clear direction, in the will, to the contrary, debts and funeral expenses would be paid out of the residuary estate. In testator's mind there could have been no purpose in bracketing inheritance taxes in with

debts and funeral expenses but to direct that the taxes as well as the debts and funeral expenses were to be paid out of the same fund, namely the residuary estate."

The other New York case cited by the California court in the Wellslager case was: In re James' Estate, 40 N.Y.S.2d 4, where the provision in the Will was "I direct payment of my debts and expenses of administration, and also of all taxes upon the legacies and devisees herein." It was there contended that the taxes should be pro rated upon the various legatees and devisees in accordance with the value of the property which they received. The court, in rejecting this, said: "The grouping of the estate taxes with debts and administration expenses, which are ordinarily payable out of the general estate, is significant for the purpose of the testatrix to charge the taxes similarly."

In the instant case, the testator has bracketed together in the first clause of her will "all my just debts and funeral expenses, all estate, inheritance and succession taxes" and ordered these items to be paid out of the principal of her estate. In Illinois, the federal estate tax is considered the same as any other debt against an estate and is payable out of the corpus of the estate. (First National Bank of Chicago v. Hart, 383 Ill. 489, 497.)

In construing a will it is the intent of the testator that must control. This intent is gathered from the language used considered in the light of the circumstances surrounding the testator at the time of the execution of the will. It is the intention at that time which governs and nothing which thereafter happens can in any way affect or change that intention. (Lydick v. Tate, 380 Ill. 617; Quigley v. Quigley, 370 Ill. 151; Cahill v. Michael, 381 Ill. 395.) Here, the testator left the great portion of her estate to the plaintiff. She also set up a trust to provide income for certain of her relatives. She gave no power of sale or power

to mortgage to the trustee and this indicates she wanted the trust to be kept intact.

Furthermore she gave her personal jewelry and household items to her husband, and she must have known that if the various items mentioned in the first clause of her will had to be paid out of the personal property that these items would necessarily have to be sold. She knew that specific bequests are not subject to the debts of the testator until the general residuary estate is exhausted. (In re Estate of Riddell, 247 Ill. App. 175, 180.) She also knew her personal estate was negligible and that there was plenty of real estate which passed under the residuary clause to pay all charges against her estate. All of this leads us to the conclusion that by the use of the word "principal" in the first clause of her will the testator meant "residue."

It is our conclusion that the testator intended to keep the trust property provided for in the fourth clause of her will intact so as to provide income for the various beneficiaries taking under it and that no part of it should be used to pay the debts, funeral expenses and taxes against her estate and that these items should be paid out of the residue of her estate. This is what the chancellor held and his decree will be affirmed.

Decree affirmed.

CROW, J., concurs.