Harold E. Koreman, S.
In this proceeding to construe paragraph “First” of the will of decedent the basic question is whether testator has directed against apportionment of taxes and, if so, whether such direction applies to nontestamentary transfers as well as to the testamentary transfers.
Paragraph “ First ” reads as follows: “ I direct my executors hereinafter named to pay all of my just debts, funeral and administration expenses, including such estate and inheritance taxes as may be assessed against my estate; and I further direct that my burial be in my lot in the Bloomingrove Cemetery, Defreestville, New York.”
Under section 124 of the Decedent Estate Law, estate or other death taxes must be equitably apportioned among the persons interested in the gross tax estate ‘ ‘ except in a ease where a testator otherwise directs in his will, and except in a *466 case where by any instrument other than a will, hereinafter called a ‘ non-testamentary instrument ’, direction is given for apportionment within the fund of taxes assessed upon the specific fund dealt with in such non-testamentary instrument ”.
The testator has, as he had the right to do, elected to treat taxes assessed against his “estate” as an administration expense. He directed his executors to pay “ debts, funeral and administration expenses, including such estate and inheritance taxes as may be assessed against my estate” (italics mine). I hold that testator has ‘ ‘ otherwise directed ’ ’, as to the property passing under the will, within the meaning of the statute. The taxes, under the circumstances, are paid from the same fund as administration expenses, viz., the residue. (Matter of Hund, 266 App. Div. 379; Matter of James, 180 Misc. 441.)
The question remains whether the direction against apportionment applies to nontestamentary transfers. I hold that it does not. In the cases relied upon by those who contend for an extension of the direction to property passing outside the will, the language used in the so-called ‘‘ tax clause ’ ’ was broader than that used by decedent in this will.
The Court of Appeals has said that a direction against apportionment in a testator’s will must be clear and unambiguous. (Mater of Pepper, 307 N. Y. 242.) It quoted with approval Matter of Mills (189 Misc. 136, 141, affd. 272 App. Div. 229, affd. 297 N. Y. 1012): “In case of doubt as to what the will means on the subject of taxes the statutory direction to apportion is absolute.” In my opinion there is considerable doubt that testator meant more than his testamentary estate, rather than his gross estate for tax purposes when he used the words “ my estate ” in paragraph “ First ”. Here as in Matter of Mills (supra), testator used the words, “my estate ” later in his will (paragraphs “Tenth” and “Thirteenth”), when he could only be referring to his true or testamentary estate. There is no warrant for giving the same words a broader meaning in paragraph “ First ”.
The testator has nowhere in his will referred to any inter vivos transaction and his direction cannot, without ambiguity, be extended to encompass property outside the will. (Decedent Estate Law, § 124, subd. 4.)
Proceed accordingly.