ESTATE OF JOHN W. DAWSON, DECEASED, HELEN L. DAWSON, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7021–72. Filed June 17, 1974.

*Richard J. Dalton*, for the petitioner.
*Allan E. Lang*, for the respondent.

#### OPINION

SIMPSON, *Judge:* The respondent determined a deficiency of $4,772 in the petitioner's estate tax. The only issue we must decide, for purposes of computing the marital deduction under section 2056 of the Internal Revenue Code of 1954,[1] is the extent to which the residuary bequest is reduced by claims against the estate and administration expenses under Illinois law.

All of the facts have been stipulated, and those facts are so found.

The petitioner is the Estate of John W. Dawson, who died on December 8, 1969. The executor of his estate is Helen L. Dawson, his wife, whose legal residence was in Lexington, Ill., at the time the petition was filed herein. The estate's Federal estate tax return was timely filed with the Internal Revenue Service Center, Kansas City, Mo.

Mr. Dawson's gross probate estate was valued at $146,225 and was subject to claims and administration expenses of $29,215. The first clause in his will directed that his "just debts and funeral expenses be paid as soon after * * * [his] death as conveniently may be done,"

---

[1] All statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.

but there was no direction as to what assets should be used for such purposes. The second clause specifically devised two parcels of real estate, and the third clause provided that Mrs. Dawson should receive the residue of the estate. The residue consisted of real estate and personal property and was valued at $26,607 in the estate tax return.

On the estate tax return, the estate claimed a marital deduction under section 2056 with respect to the full amount of the residuary bequest to Mrs. Dawson. In his notice of deficiency, the respondent determined that the residue was chargeable with debts in excess of its value, and accordingly, no part of the residue was available for purposes of computing the marital deduction.

We must decide whether, under Illinois law, the residue is chargeable with the debts of the estate and administration expenses to the full extent of its value.

Under section 2056(b) (4), the estate is entitled to a deduction for the value of property transferred to the surviving spouse less charges against the property. For such purposes, State law is controlling in determining whether the amount of the bequest to Mrs. Dawson is reduced by reason of the debts and expenses. *Estate of Albert L. Rice*, 41 T.C. 344 (1963), vacated and remanded on another issue sub nom. *Boston Safe Deposit & Trust Co.* v. *Commissioner*, 345 F. 2d 625 (C.A. 1, 1965); *Estate of Howard E. Stevens*, 36 T.C. 184 (1961).

The petitioner has conceded that the value of the residue should be reduced somewhat by reason of the debts and expenses, but has argued that the reduction in value should only be its proportionate share of such charges.

Mr. Dawson's will directed that his debts and the administration expenses should be paid, but contained no direction as to the source of such payments. It seems well established under Illinois common law that, in such circumstances, the residue is primarily charged with the decedent's debts and the administration expenses. They are not borne by the whole estate thereby reducing pro rata the value of all the transferred property; the residue is charged with them to the extent of its value. *In re Estate of Phillips*, 1 Ill. App. 3d 813, 275 N.E. 2d 685 (3d Dist. Ct. App. 1971); *In re Estate of Riddell*, 247 Ill. App. 175 (1st Dist. Ct. App. 1928); see also *Franz* v. *Schneider*, 14 Ill. App. 2d 464, 144 N.E. 2d 798 (2d Dist. Ct. App. 1957); *Retzinger* v. *Retzinger*, 239 Ill. App. 127 (1st Dist. Ct. App. 1925), reversed per curiam on other grounds 331 Ill. 102, 162 N.E. 155 (1928).

The petitioner argued that Illinois Revised Statutes, chapter 3, sections 207 and 291 (1971), have reversed the common law rule and provide for an apportionment of the debts and expenses over the entire estate. Section 207 of the Illinois Statutes states, in part, that the decedent's real and personal property is chargeable with claims against

the estate, including estate taxes, without distinction, except as otherwise provided for by statute or by the decedent's will. Section 291 of the Illinois Statutes provides certain procedures for settlement and distribution of estates and for abatement of devices and legacies. Section 291(b) of the Illinois Statutes establishes the order of satisfaction of specific and general devices and legacies when the estate is insufficient to pay all devices and legacies without priority between real and personal property, unless otherwise provided for by will.

In *In re Estate of Phillips, supra*, it was argued that section 207 of the Illinois Statutes modified the common law rule, but the court held that such provision merely eliminated the distinction between real and personal property. The court found no indication that the legislature intended by the enactment of that provision to reverse the common law rule. Such holding appears to be altogether proper. *Commissioner* v. *Estate of Bosch*, 387 U.S. 456 (1967). In like manner, it appears to us that section 291 of the Illinois Statutes is consistent with the common law rule and surely does not indicate any intention to reverse that rule.

It is our conclusion and we hold that the common law rule is still applicable in Illinois and that the claims against the estate and administration expenses are chargeable to the residue to the extent thereof. Accordingly, no part of the residue could serve as a basis to claim a marital deduction under section 2056.

*Decision will be entered for the respondent.*